**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **CRIMINAL ACTION** |
| ) | |
| v. ) | |
| ) | No. 12-20083-02-04-05-KHV |
| LOS ROVELL DAHDA, ) | |
| ROOSEVELT RICO DAHDA, and ) | |
| JUSTIN CHERIF PICKEL, ) | |
| ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## ORDER

On July 11, 2012, a grand jury charged defendants and others with conspiracy to possess with intent to distribute and to distribute five kilograms or more of a mixture and substance containing cocaine, a controlled substance; to possess with intent to distribute and to distribute 1,000 kilograms or more of marijuana, a controlled substance; and maintaining drug-involved premises, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(ii) and (b)(1)(A)(vii); 21 U.S.C. §§ 846, 856 and 18 U.S.C. § 2. The indictment also charged individual defendants with multiple other drug crimes.

This matter comes before the Court on Defendant Los Dahda's Motion To Suppress The Contents Of Communications Intercepted Pursuant To Orders Insufficient On Their Face (Doc. #1143) filed January 2, 2014, which co-defendant Roosevelt Dahda has joined; Defendant Los Dahda's Motion To Suppress The Contents of Unlawfully Intercepted Communications (Doc. #1145) filed January 2, 2014, which co-defendants Roosevelt Dahda and Justin Pickel have joined; and Justin Pickel's Motion To Suppress Evidence (Doc. #1140) filed January 2, 2014, which co-defendants Los Dahda and Roosevelt Dahda have joined. The Court referred each of these

motions to Magistrate Judge James P. O'Hara for a report and recommendation. On April 2, 2014, Judge O'Hara recommended that the Court overrule each of these motions. See Report And Recommendation (Doc. ##1249, 1250, 1251). The deadline to file objections was April 15, 2014.

Los Dahda has timely objected to the report and recommendations regarding the motion to suppress the contents of communications (Doc. #1143) and the motion to suppress the contents of unlawfully intercepted communications (Doc. #1145). See Defendant Los Dahda's Objections To The Magistrate's Reports And Recommendations (Doc. #1327) filed April 15, 2014. Justin Pickel has timely filed objections to the report and recommendations regarding his motion to suppress (Doc. #1140). See Defendant Justin C. Pickel's Objections To Report And Recommendations (Doc. #1328) filed April 15, 2014. For reasons set forth below the Court overrules defendants' objections, adopts the report and recommendations and overrules defendants' motions to suppress.

## Legal Standards

The Court reviews de novo any part of the magistrate judge findings or recommendations to which an objection is made. See 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3). The Court may accept, reject or modify in whole or in part the findings or recommendations made by the magistrate judge. Id. Also, the Court may receive further evidence or return the matter to the magistrate judge with instructions. Id.

## Analysis

### I. Defendant Justin C. Pickel's Objections (Doc. #1328) To Report And Recommendation (Doc. #1250) regarding Motion To Suppress Evidence (Doc. #1140)

Pickel filed a motion to suppress evidence which officers seized as a result of a traffic stop in Nebraska and a search of Pickel's home in California.

Pickel asserts that the Nebraska traffic stop was illegal because he did not commit a traffic or equipment violation and the government did not prove that officers had probable cause or reasonable suspicion that he was committing a crime when they stopped him. Pickel argues that the Court must therefore suppress all evidence seized in connection with the stop. He also asserts that the search warrant for his California residence was not supported by probable cause, and thus the Court must suppress all evidence found during the search.

On March 25 and 26, 2014, Judge O'Hara held an evidentiary hearing. After considering the evidence, Judge O'Hara found that Nebraska Highway Patrol Trooper Kurt Frazey had a reasonable articulable suspicion that Pickel's pickup had violated a Nebraska state law which requires that vehicles have adequate fenders or mud flaps. See Neb. Rev. Stat. § 60-6,283.[1] Judge O'Hara found that the stop was therefore objectively justified at its inception. Judge O'Hara further found that after the traffic stop ended, Pickel voluntarily consented to additional questioning, and that Trooper Frazey and another officer then developed probable cause to believe that illegal drugs were in the pickup. In the alternative, Judge O'Hara found that Trooper Frazey had probable cause to stop the pickup based on collective knowledge of law enforcement that the pickup was transporting a large amount of marijuana.

Pickel objects to the finding that Trooper Frazey had reasonable suspicion that his truck tires violated Nebraska law. Judge O'Hara conducted a visual inspection of the truck before making his

---

[1] Neb. Rev. Stat. § 60-6,283 provides as follows:

Every new motor vehicle or semitrailer purchased after January 1, 1956, and operated on any highway in this state shall be equipped with fenders, covers, or devices, including flaps or splash aprons, unless the body of the vehicle affords adequate protection to effectively minimize the spray or splash of water or mud to the rear of the motor vehicle or semitrailer.

- 3 -

ruling. Although the Court has not had that opportunity, it has reviewed pictures of the truck, see Government Exhibits 21-25, and finds that Judge O'Hara correctly determined that the tires arguably violated the Nebraska statute.

Pickel also objects to Judge O'Hara's findings that after the traffic stop ended, Pickel voluntarily consented to additional questioning which led the officers to develop probable cause to believe that illegal drugs were in the pickup and that Trooper Frazey had probable cause to stop the pickup based on collective knowledge of law enforcement that the pickup was transporting a large amount of marijuana. Pickel does not point to any relevant factual errors in the report and recommendations. The Court has reviewed the Judge O'Hara's thorough analysis and finds no legal error. The Court therefore overrules Pickel's objections.

## II.  Defendant Los Dahda's Objections (Doc. #1327) To The Magistrate's Report And Recommendation (Doc. ##1249, 1251) Regarding Motions To Suppress (Doc. ##1145, 1143)

A. Motion To Suppress (Doc. #1145)

Los Dahda seeks to suppress evidence of recorded telephone calls (and evidence derived from those calls) which the government intercepted pursuant to wiretap orders. Under 18 U.S.C. § 2518(10)(a)(i), Los Dahda argues that the wiretap orders were not necessary.

After an evidentiary hearing, Judge O'Hara made detailed findings of fact regarding the basis for the wiretap applications. Judge O'Hara correctly cited the legal standard for proving that a wiretap is invalid. See Doc. #1249 at 19 n.26 (citing United States v. Foy, 641 F.3d 455, 464 (10th Cir. 2011)). Based on the totality of the evidence, Judge O'Hara found that the wiretaps were proper and necessary.

Los Dahda objects to the finding that (1) there was probable cause to believe the wiretaps would lead to new, non-cumulative evidence, and (2) the wiretaps were legally necessary for the

government to further its objectives.  Defendant does not point to any specific factual findings or errors of law.  The Court has carefully reviewed the parties' briefs and the report and recommendation and finds that the objections should be overruled.

　　　B.　　Motion To Suppress (Doc. #1143)

 Citing 18 U.S.C. § 2518(3) and 10(a)(ii), Los Dahda seeks to suppress evidence derived from the court ordered wiretaps because on their face the orders exceeded the territorial jurisdiction of the issuing court.

In his report and recommendation, Judge O'Hara thoroughly summarized the facts, defendant's argument and the pertinent case law.  He concluded that although the wiretap order permitted interception outside this Court's jurisdiction, the government did not actually intercept cellular communications outside this Court's jurisdiction.  Therefore, as applied, the orders did not violate the statute.

Los Dahda objects to the finding that (1) mobile phones fall within the "mobile interception device" exception to Title III territorial limitations, and (2) territorial restrictions were not one of the substantive concerns of Congress in enacting Title III.  He does not, however,  point to any specific factual findings or errors of law.  The Court has carefully reviewed the parties' briefs and the report and recommendation and finds that the objections should be overruled.

**IT IS THEREFORE ORDERED** that <u>Defendant Los Dahda's Objections To The Magistrate's Reports And Recommendations</u> (Doc. #1327) filed April 15, 2014 be and hereby are **OVERRULED**.

**IT IS FURTHER ORDERED** that <u>Defendant Justin C. Pickel's Objections To Report And Recommendations</u> (Doc. #1328) filed April 15, 2014 be and hereby are **OVERRULED**.

**IT IS FURTHER ORDERED** that the Court hereby **adopts** the Report And Recommendation (Doc. #1249) filed April 2, 2014.

**IT IS FURTHER ORDERED** that the Court hereby **adopts** the Report And Recommendation (Doc. #1250) filed April 2, 2014.

**IT IS FURTHER ORDERED** that the Court hereby **adopts** the Report And Recommendation (Doc. #1251) filed April 2, 2014.

**IT IS FURTHER ORDERED** that Defendant Los Dahda's Motion To Suppress The Contents Of Communications Intercepted Pursuant To Orders Insufficient On Their Face (Doc. #1143) filed January 2, 2014, which co-defendant Roosevelt Dahda has joined be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendant Los Dahda's Motion To Suppress The Contents of Unlawfully Intercepted Communications (Doc. #1145) filed January 2, 2014, which co-defendants Roosevelt Dahda and James Pickel have joined be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that Justin Pickel's Motion To Suppress Evidence (Doc. #1140) filed January 2, 2014, which co-defendants Los Dahda and Roosevelt Dahda have joined be and hereby is **OVERRULED**.

Dated this 16th day of April, 2014 at Kansas City, Kansas.

s/ Kathryn H. Vratil  
Kathyrn H. Vratil  
United States District Judge