# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CRIMINAL ACTION |
| v. ) | |
| ) | No. 12-20083-01-KHV |
| LOS ROVELL DAHDA, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## MEMORANDUM AND ORDER

On September 30, 2015, the Court sentenced defendant to 189 months in prison and imposed a fine of $16,985,250. See Judgment In A Criminal Case (Doc. #2076). On April 4, 2017, the Tenth Circuit affirmed defendant's convictions and the sentence of imprisonment, but reversed and remanded so that this Court could reconsider the amount of the fine. United States v. Los Dahda, 853 F.3d 1101, 1118 (10th Cir. 2017), aff'd, 138 S. Ct. 1491 (2018). Because defendant's initial sentencing memoranda raised issues which went beyond the amount of the fine, the Court directed the parties to file briefing on the scope of the remand including whether any exception to the mandate rule applies. See Order (Doc. #2583) filed March 8, 2019. This matter is before the Court on the parties' memoranda regarding the scope of the remand. See [Los Dahda's] Sentencing Memorandum Regarding Resentencing Following Remand (Doc. #2544) filed December 11, 2018; Los Dahda's pro se Post-Remand Sentencing Memorandum (Doc. #2546) filed December 11, 2018; Government's Response To Defendant's Sentencing Memoranda On The Limited Issue Of The Scope Of The Remand (Doc. #2589) filed March 29, 2019;

Defendant's Reply To Government's Response On His Sentencing Memorandum (Doc. #2594) filed April 11, 2019.

As noted, the Tenth Circuit mandate was limited to the amount of the fine. Defendant argues that in addition to recalculating the fine, the Court should (1) recalculate the drug quantity attributable to him in light of the Tenth Circuit's ruling in his brother's case, United States v. Roosevelt Dahda, 852 F.3d 1282 (10th Cir. 2017), aff'd, 138 S. Ct. 1491 (2018), and (2) resentence him based on the five-year statutory maximum for less than 50 grams of marijuana, 21 U.S.C. § 841(b)(1)(D). See [Los Dahda's] Sentencing Memorandum Regarding Resentencing Following Remand (Doc. #2544) at 1-2, 9-11 and Los Dahda's pro se Post-Remand Sentencing Memorandum (Doc. #2546) at 3-6.

The law of the case doctrine posits that when a court decides a rule of law, that decision "should continue to govern the same issues in subsequent stages in the same case." Arizona v. California, 460 U.S. 605, 618 (1983); see United States v. West, 646 F.3d 745, 748 (10th Cir. 2011) (law of case doctrine precludes relitigation of legal ruling in case once it has been decided). The doctrine seeks to preserve the finality of judgments, prevent continued re-argument of issues already decided, and preserve scarce judicial resources. Procter & Gamble Co. v. Haugen, 317 F.3d 1121, 1132-33 (10th Cir. 2003). The doctrine has particular relevance following remand from a court of appeals. Huffman v. Saul Holdings Ltd. P'ship, 262 F.3d 1128, 1132 (10th Cir. 2001). "[W]hen a case is appealed and remanded, the decision of the appellate court establishes the law of the case and

ordinarily will be followed by both the trial court on remand and the appellate court in any subsequent appeal." Rohrbaugh v. Celotex Corp., 53 F.3d 1181, 1183 (10th Cir. 1995).

An important corollary to the law of the case doctrine, known as the "mandate rule," requires a district court to comply strictly with the mandate rendered by the reviewing court. See Ute Indian Tribe of the Uintah & Ouray Reservation v. Utah, 114 F.3d 1513, 1520-21 (10th Cir. 1997). Where the appellate court does not specifically limit the scope of the remand, a district court generally has discretion to expand resentencing beyond the specific sentencing error underlying the reversal. United States v. Moore, 83 F.3d 1231, 1235 (10th Cir. 1996) (following remand from appellate court for resentencing, district court "possesses the inherent discretionary power to expand the scope of the resentencing beyond the issue that resulted in the reversal and vacation of sentence"). The mandate rule is a discretion-guiding rule of policy and practice that is subject to exception and some flexibility in exceptional circumstances. Id. at 1234-35 (citing United States v. Bell, 988 F.2d 247, 251 (1st Cir. 1993)). Examples of "exceptional circumstances" which warrant an exception to the mandate rule include (1) a dramatic change in controlling legal authority; (2) significant new evidence that was not obtainable earlier through due diligence but has since come to light; or (3) a blatant error from the prior sentencing decision that would result in serious injustice if uncorrected. Id. (citing United States v. Bell, 5 F.3d 64, 67 (4th Cir. 1993)).

I.  **Recalculation Of Drug Quantity**

At sentencing, the Court attributed a total of 907 kilograms of marijuana to Los Dahda. Presentence Investigation Report (Doc. #2049) filed September 23, 2015, ¶ 414.

3

The Court found a base offense level of 28 because the offense involved at least 700 kilograms but less than 1,000 kilograms of marijuana. U.S.S.G. § 2D1.1(c)(6); see Presentence Investigation Report (Doc. #2049), ¶ 415. The Court added two levels because defendant maintained a premises for the purpose of manufacturing or distributing a controlled substance, U.S.S.G. § 2D1.1(b)(12), and added four levels because he was an organizer or leader of criminal activity involving five or more participants, U.S.S.G. § 3B1.1(a). Defendant's total offense level was 34, with a criminal history category II, which resulted in a guideline range of 168 to 210 months. See Presentence Investigation Report (Doc. #2049), ¶ 467. The Court imposed a mid-range sentence of 189 months in prison.

As to Los Dahda, the Tenth Circuit affirmed his convictions and his sentence of 189 months, but reversed the imposition of the fine amount and remanded for reconsideration on that issue. Los Dahda, 853 F.3d at 1118. As to Roosevelt Dahda, the Tenth Circuit affirmed his convictions and forfeiture order, but remanded for resentencing based on the calculation of the amount of marijuana attributable to him. Roosevelt Dahda, 852 F.3d at 1298. In the case of Roosevelt Dahda, the Tenth Circuit found that the government presented insufficient evidence to establish that each of the 20 shipped pallets contained 80 pounds of marijuana. Id. at 1294.

Los Dahda asks the Court to recalculate the drug quantity attributable to him in light of the Tenth Circuit opinion in Roosevelt Dahda's appeal. [Los Dahda's] Sentencing Memorandum Regarding Resentencing Following Remand (Doc. #2544) at 1-2; Los Dahda's pro se Post-Remand Sentencing Memorandum (Doc. #2546) at 3-4. The government

concedes that in calculating drug quantity for both defendants, the Court accepted the same 80-pound per pallet estimate based on the same evidence.[1]  Government's Response To Defendant's Sentencing Memoranda On The Limited Issue Of The Scope Of The Remand (Doc. #2589) at 5.  As to Roosevelt Dahda, on remand, the government has agreed to a more conservative estimate.  See Government's Memorandum On Drug Quantity Evidence [As To Roosevelt Dahda] (Doc. #2527) filed October 3, 2018, at 3, 11 (government seeks to attribute 558 kilograms of marijuana to Roosevelt instead of original 725.7 kilograms).

The government raises the mandate rule, but it offers no specific reason why the rule should be applied to bar resentencing of Los Dahda based on the same revised drug estimate applied to Roosevelt Dahda.  See Government's Response To Defendant's Sentencing Memoranda On The Limited Issue Of The Scope Of The Remand (Doc. #2589) at 5 ("Given that the mandate rule is discretionary, the government defers to this Court's determination of whether 'exceptional circumstances' exist to deviate from the mandate on this limited issue based on the interests of justice.").  Fundamental fairness counsels that at resentencing, Los Dahda should not be bound by the government's 80-pound per pallet estimate which the Tenth Circuit found erroneous in Roosevelt Dahda's case.  Accordingly, the Court finds that exceptional circumstances exist to recalculate the drug quantity attributable to Los Dahda

---

[1] The Court assessed a different drug quantity for each defendant, but the 80-pound per pallet estimate largely drove the quantity calculation for both defendants.  In the case of Los Dahda, the pallet estimate was 870 of the 907 kilograms attributed to him.  See Presentence Investigation Report (Doc. #2049), ¶¶ 403-05, 414.  In the case of Roosevelt Dahda, the pallet estimate of 725.7 kilograms was the entire drug quantity attributed to him.  See Presentence Investigation Report (Doc. #2043), ¶ 157.

and resentence him consistent with the Tenth Circuit ruling in Roosevelt Dahda's case.[2]  See Moore, 83 F.3d at 1235 (district court has discretion to determine scope and parameters of resentencing based on "common sense and efficiency").

## II. Default Provision Under Section 841 If Jury Does Not Determine Quantity

Los Dahda argues that because a jury did not determine drug quantity, the Court should apply the default provision of 21 U.S.C. § 841(b)(1)(D), which includes no mandatory minimum and a maximum of 60 months in prison. On direct appeal, the Tenth Circuit rejected this same argument. It reasoned as follows:

> Los was found guilty on count 1, which charged a conspiracy involving 1,000 kilograms or more of marijuana. See 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vii), 846, 856. For this count, Los obtained a sentence of 189 months' imprisonment. He contends that this sentence violates the Constitution because the jury did not specifically find the marijuana quantity involved in the conspiracy.
>
> "We review the legality of an appellant's sentence de novo." United States v. Jones, 235 F.3d 1231, 1235 (10th Cir. 2000).
>
> The penalties for violating § 841(a) appear in subsection (b). Subsection (b)(1)(D) provides a maximum sentence of 5 years' imprisonment if the total marijuana weight was less than 50 kilograms. 21 U.S.C. § 841 (b)(1)(D). Subsection (b)(1)(C) provides a maximum sentence of 20 years' imprisonment when no specific amount is charged. And subsections (b)(1)(A) and (B) provide higher maximum sentences depending on the type and quantity of the substance; in cases involving 1,000 kilograms or more of marijuana, subsection (b)(1)(A) imposes a mandatory minimum sentence of 10 years and a maximum sentence of life imprisonment. 21 U.S.C. § 841(b)(1)(A)(vii).
>
> Although Los was found guilty of participating in a conspiracy involving 1,000 kilograms or more of marijuana, the government agreed to waive the

---

[2] It appears that if appellate counsel for Los Dahda had raised the issue or joined the argument of Roosevelt Dahda on appeal, the Tenth Circuit would have reached the same result.

6

10–year mandatory minimum under § 841(b)(1)(A). Thus, Los was sentenced under § 841(b)(1)(C).

But he argues that he should have been subject to the 5–year maximum under § 841(b)(1)(D) because the verdict form did not require a specific determination of the marijuana quantity. We reject this argument because the marijuana quantity, 1,000 kilograms, was an element of the charged conspiracy.

Los correctly argues that to increase his maximum sentence based on drug quantity, the quantity of drugs had to be charged in the indictment, submitted to the jury, and proven beyond a reasonable doubt. Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S. Ct. 2348, 147 L.Ed.2d 435 (2000); United States v. Jones, 235 F.3d 1231, 1233, 1236 (10th Cir. 2000). Thus, if the jury had not found a marijuana quantity beyond a reasonable doubt, the Constitution would have limited the maximum sentence to five years under § 841(b)(1)(D). United States v. Cernobyl, 255 F.3d 1215, 1220 (10th Cir. 2001).

But no constitutional violation took place. On count 1, the jury found that the conspiracy had involved 1,000 kilograms or more of marijuana. Though the quantity was not addressed on the verdict form, the quantity was charged in the indictment and included in Instruction 19: "As to each defendant, to carry its burden of proof on Count 1, the government must prove beyond a reasonable doubt each of the following elements: . . . the overall scope of the agreement involved more than 1,000 kilograms of marijuana." R. vol. 1 at 401. In turn, the verdict form directed the jury to make its findings on count 1 "[u]nder instructions 19-21." Id. at 433.

"We presume the jury follows its instructions" in the absence of an overwhelming probability to the contrary. United States v. Rogers, 556 F.3d 1130, 1141 (10th Cir. 2009); United States v. Herron, 432 F.3d 1127, 1135 (10th Cir. 2005). There is no reason to think that the jury disregarded its instructions, and we see no reason to reject the presumption here. Thus, we reject Los's challenge to the sentence on count one. See United States v. Singh, 532 F.3d 1053 (9th Cir. 2008) (holding that no Apprendi violation took place when the burden of proof on a fact, which enhanced the statutory maximum, was contained in a jury instruction but not in the verdict form); United States v. O'Neel, 362 F.3d 1310, 1314 (11th Cir. 2004) (same), vacated sub nom., Sapp v. United States, 543 U.S. 1107, 125 S. Ct. 1114, 160 L.Ed.2d 1027 (2005), reinstated, 154 Fed. Appx. 161 (11th Cir. 2005).

Los Dahda, 853 F.3d at 1116-17.

Los Dahda argues that under United States v. Ellis, 868 F.3d 1155 (10th Cir. 2017), the Tenth Circuit rationale on direct appeal, as outlined above, no longer applies. In Ellis, the Tenth Circuit found that after Alleyne v. United States, 570 U.S. 99 (2013), and United States v. Dewberry, 790 F.3d 1022 (10th Cir. 2015), a "conspiracy-wide crack-cocaine finding of 280 grams or more cannot establish the mandatory-minimum term of 10 years [under 21 U.S.C. § 841(b)(1)(A)]—only jury-found, individually attributable amounts can authorize that sentence for a defendant." 868 F.3d at 1178. Ellis appears to be contrary to the earlier published decision in the case of Los Dahda on direct appeal, which the Tenth Circuit also decided after Alleyne and Dewberry.[3] In any event, the Court need not reconcile this apparent conflict because even under Ellis, a statutory maximum of 20 years applies.

Under Ellis, if Count 1 had charged a conspiracy to commit an offense under Section 841 involving an unspecified quantity of marijuana, a five-year statutory maximum would have applied to that count. 21 U.S.C. § 841(b)(1)(D); see Ellis, 868 F.3d at 1178-79 (remanding for resentencing under Section 841(b)(1)(C), the default provision if jury did not

---

[3] In the case of Los Dahda, the Tenth Circuit held that because the jury instructions required the jury to find that "the overall scope of the agreement involved more than 1,000 kilograms of marijuana," the default statutory penalty for an offense involving an unspecified quantity of marijuana did not apply. 853 F.3d at 1117. The instructions did not require that the statutory quantity be reasonably foreseeable to defendant. See Instructions To The Jury (Doc. #1430), No. 20 (extent of defendant's participation in conspiracy not relevant to whether he is guilty or not guilty). Ellis found that nearly identical jury instructions were insufficient because they did not require the jury to find defendant's "individually attributable amount," and therefore the default statutory penalty for an offense involving an unspecified quantity of crack cocaine applied. 868 F.3d at 1170, 1178-79 (citing Alleyne and Dewberry); see Instructions To The Jury (Doc. #1213 in D. Kan. No. 12-20066), Nos. 20-22.

find specific quantity of cocaine); see also Los Dahda, 853 F.3d at 1117 (if jury had not found marijuana quantity, the maximum sentence would be five years under § 841(b)(1)(D)). The jury, however, specifically found Los Dahda guilty of a broader conspiracy which included the objective to maintain a drug-involved premises in violation of 21 U.S.C. § 856. See Verdict (Doc. #1433), Question 1. Section 856(b) penalizes maintaining a drug-involved premises without reference to any specific quantity of drugs, with a statutory maximum of 20 years. Accordingly, on Count 1, a 20-year statutory maximum applies. See 21 U.S.C. § 846 (any person who conspires to commit offense subject to same penalties as those prescribed for offense); 21 U.S.C. § 856(b) (statutory maximum of 20 years applies for maintaining drug-involved premises). In addition, the jury found defendant guilty on Count 31 for the substantive offense of maintaining a drug-involved premises, which again includes a statutory maximum of 20 years. See 21 U.S.C. § 856(b).

Defendant apparently maintains that after applying Section 2B1.8 of the Guidelines, the five-year statutory maximum under 21 U.S.C. § 841(b)(1)(D), not the statutory maximum in 21 U.S.C. § 856(b), applies to Counts 1 and 31. See Los Dahda's pro se Post-Remand Sentencing Memorandum (Doc. #2546) at 4 (because jury did not make individualized attribution of drug quantity, "both Count 1 and 31 should be corrected by sentencing Los Dahda to the default for a[n] indeterminate/unspecified quantity of marijuana as found in § 841(b)(1)(D)"); [Los Dahda's] Sentencing Memorandum Regarding Resentencing Following Remand (Doc. #2544) ("the sentence for Count 31, maintaining a premises, is also tied to drug quantity under U.S.S.G. § 2D1.1, as directed by U.S.S.G. § 2D1.8"). For the

9

offense of maintaining a drug-involved premises, Section 2B1.8 of the Guidelines directs that the "offense level from § 2B1.1 applicable to the underlying controlled substance offense" applies. U.S.S.G. § 2B1.8(a)(1). Section 2B1.8 merely sets forth the base offense level for the offense of maintaining a drug involved premises with reference to Section 2B1.1. Contrary to defendant's suggestion, Section 2B1.8's reference to the base offense level under Section 2B1.1 does not impact the 20-year statutory maximum under 21 U.S.C. § 856(b), which applies to Counts 1 and 31.

Even if defendant could show that a five-year statutory maximum applied to Counts 1 and 31, he has not shown that his operative sentence would be limited to five years. The Sentencing Guidelines specifically instruct district courts to stack sentences where the guideline range exceeds the statutory maximum on a single count of conviction. See U.S.S.G. § 5G1.2(d) (if sentence imposed on count carrying highest statutory maximum is less than total punishment, then sentence imposed on one or more of other counts shall run consecutively to the extent necessary to produce combined sentence equal to total punishment); App. Note 1 to U.S.S.G. § 5G1.2(d) (if no count carries adequate statutory maximum, consecutive sentences to be imposed to extent necessary to achieve total punishment); see also 18 U.S.C. § 3584 (if multiple terms of imprisonment imposed at same time, court may run terms concurrently or consecutively after considering various factors under Section 3553(a)); United States v. Lewis, 594 F.3d 1270, 1276 (10th Cir. 2010) (where guideline range was life but no offense of conviction carried maximum sentence of life, eminently reasonable for district court to impose sentence functionally equivalent to life by

imposing maximum sentence for each crime of conviction and making sentences consecutive); see United States v. Ivory, 532 F.3d 1095, 1107-08 (10th Cir. 2008) (hardly unreasonable to "stack" statutory sentences to reach presumptively reasonable guideline sentence); United States v. Johnson, 451 F.3d 1239, 1243 (11th Cir. 2006) (Section 5G1.2(d) requires that sentences run consecutively to extent necessary to reach guideline range).

At defendant's original sentencing on Count 1, the Court applied the statutory range of zero to 20 years. That statutory range still applies.

### III. Conclusion

As to Los Dahda, the Tenth Circuit remanded so that the Court could determine the amount, if any, of a fine. Exceptional circumstances compel the Court to expand resentencing to recalculate the drug quantity attributable to Los Dahda and resentence him consistent with the Tenth Circuit ruling in the case of Roosevelt Dahda. Los Dahda has not shown, however, that on remand, the Court should apply a different statutory range on Count 1. As explained above, the statutory range of zero to 20 years still applies to Count 1, as well as to Count 31.

Pursuant to D. Kan. Rule CR31.1, the United States Probation Office is directed to prepare an amended presentence report consistent with this Memorandum And Order.

**IT IS SO ORDERED**.

Dated this 22nd day of May, 2019 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge