## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,                    )
                                             )
                    **Plaintiff,**           )
                                             )         **CRIMINAL ACTION**
v.                                           )
                                             )         **No. 12-20083-01-KHV**
LOS ROVELL DAHDA,                            )
                                             )
                    **Defendants.**          )
_____)

## MEMORANDUM AND ORDER

On September 30, 2015, the Court sentenced defendant to 189 months in prison and imposed a fine of $16,985,250.  See Judgment In A Criminal Case (Doc. #2076).  On April 4, 2017, the Tenth Circuit affirmed defendant's convictions and the sentence of imprisonment, but reversed and remanded so that this Court could reconsider the amount of the fine.  United States v. Los Dahda, 853 F.3d 1101, 1118 (10th Cir. 2017), aff'd, 138 S. Ct. 1491 (2018).  This Court later expanded the scope of resentencing to include the drug quantity attributable to defendant.  At a hearing on May 15, 2019, the Court overruled defendant's Motion For Disclosure Of Grand Jury Transcripts (Doc. #2567) filed January 28, 2019.  See Clerk's Courtroom Minute Sheet (Doc. #2608).  This matter is before the Court on defendant's Motion To Reconsider Disclosure Of Grand Jury Transcripts (Doc. #2641) filed July 2, 2019.  For reasons stated below, the Court overrules defendant's motion.

## Legal Standards

The Federal Rules of Criminal Procedure do not expressly provide for a motion to reconsider.  Even so, in the criminal context, courts ordinarily apply the same standards that apply in civil cases.  United States v. Powell, No. 11-cr-00036-KHV, 2016 WL 912162 (D.

Colo. Mar. 4, 2016); see United States v. Christy, 739 F.3d 534, 539 (10th Cir. 2014) (motions

to reconsider proper in criminal cases even though Federal Rules of Criminal Procedure do not

specifically provide for them)  A court has discretion whether to grant a motion to reconsider.

Taylor v. Colo. Dep't of Health Care Policy & Fin., 811 F.3d 1230, 1236 (10th Cir. 2016).

The Court may recognize any one of three grounds justifying reconsideration: an intervening

change in controlling law, availability of new evidence, or the need to correct clear error or

prevent manifest injustice.  See Christy, 739 F.3d at 539 (citing Servants of Paraclete v. Does,

204 F.3d 1005, 1012 (10th Cir. 2000)); D. Kan. Rule 7.3(b).  A motion to reconsider is not a

second opportunity for the losing party to make its strongest case, to rehash arguments or to

dress up arguments that previously failed.  See Christy, 739 F.3d at 539; Powell, 2016 WL

912162, at *4.

## Analysis

Defendant seeks reconsideration of the Court's ruling which denied him access to grand

jury transcripts.  Defendant explains that he seeks the transcripts so that he can file a motion

to dismiss the indictment on the basis that the government presented to the grand jury

(1) attorney-client communications that were privileged and (2) false testimony from a co-

defendant.  Motion To Reconsider (Doc. #2641) at 2.  The Court previously overruled

defendant's request because (1) he had not shown a particularized need for the transcripts and

(2) any motion to dismiss under Rule 12(b)(3), Fed. R. Crim. P., would be untimely, without

merit and immaterial to his sentence.  See Transcript Of Motions Hearing (Doc. #2617) at

29-30 (overruling motion for reasons stated by government in response); Government's

Response To Defendant's Motion For Disclosure Of Grand Jury Transcripts (Doc. #2570) filed February 11, 2019, at 1, 3-6.

In support of his motion to reconsider, defendant cites facts which he apparently argues constitute "new evidence" that he discovered after the Court's ruling.  Defendant states that after the Court ruled on his motion for disclosure of grand jury transcripts, he received the revised presentence investigation report which includes several facts that support his request for transcripts.  Motion To Reconsider (Doc. #2641) at 2-3.  All of the facts that defendant cite were included in his original presentence investigation report filed in September of 2015. See Presentence Investigation Report (Doc. #2049) filed September 23, 2015, ¶¶ 79, 258-59. He cannot rely on this information as "new evidence" to support his motion to reconsider.

Defendant's remaining arguments simply rehash the same arguments that the Court has rejected and do not establish grounds for reconsideration of the Court's ruling.  Accordingly, the Court overrules defendant's motion to reconsider.

**IT IS THEREFORE ORDERED** that defendant's Motion To Reconsider Disclosure Of Grand Jury Transcripts (Doc. #2641) filed July 2, 2019 is **OVERRULED**.

Dated this 18th day of July, 2019 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

3