# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CRIMINAL ACTION |
| v. ) | |
| ) | No. 12-20083-01-KHV |
| LOS ROVELL DAHDA, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

On September 30, 2015, the Court sentenced defendant to 189 months in prison and imposed a fine of $16,985,250.  See Judgment In A Criminal Case (Doc. #2076).  On April 4, 2017, the Tenth Circuit affirmed defendant's convictions and the sentence of imprisonment, but reversed and remanded so that this Court could reconsider the amount of the fine.  United States v. Los Dahda, 853 F.3d 1101, 1118 (10th Cir. 2017), aff'd, 138 S. Ct. 1491 (2018).  This Court later expanded the scope of resentencing to include the drug quantity attributable to defendant.  See Memorandum And Order (Doc. #2620) filed May 22, 2019.  This matter is before the Court on defendant's Motion For Jencks Act Material Pursuant To Fed. R. Crim. P. 26.2(f)(1) And (2) (Doc. #2657) filed August 16, 2019.  For reasons stated below, the Court overrules defendant's motion.

## Analysis

Defendant previously sought access to grand jury transcripts.  Motion For Disclosure Of Grand Jury Transcripts (Doc. #2567) filed January 28, 2019.  At a hearing on May 15, 2019, the Court overruled defendant's request because (1) he had not shown a particularized need for the transcripts and (2) any motion to dismiss under Rule 12(b)(3), Fed. R. Crim. P.,

would be untimely, without merit and immaterial to his sentence.  See Transcript Of Motions Hearing (Doc. #2617) at 29-30 (overruling motion for reasons stated by government in response); Government's Response To Defendant's Motion For Disclosure Of Grand Jury Transcripts (Doc. #2570) filed February 11, 2019, at 1, 3-6.

On July 18, 2019, the Court overruled defendant's Motion To Reconsider Disclosure Of Grand Jury Transcripts (Doc. #2641) filed July 2, 2019.  The Court overruled defendant's motion to reconsider because he did not present "new evidence" to support his motion to reconsider and his arguments simply rehashed the same arguments that the Court had rejected.

Defendant now seeks grand jury transcripts, recordings of proffers and any other material required to be disclosed under the Jencks Act, 18 U.S.C. § 3500(b).  He has not shown that Jencks Act materials relate to the limited sentencing issues on drug quantity and the amount of a fine.  The law of the case doctrine posits that when a court decides a rule of law, that decision "should continue to govern the same issues in subsequent stages in the same case."  Arizona v. California, 460 U.S. 605, 618 (1983); see United States v. West, 646 F.3d 745, 748 (10th Cir. 2011) (law of case doctrine precludes relitigation of legal ruling in case once it has been decided).  The doctrine seeks to preserve the finality of judgments, prevent continued re-argument of issues already decided, and preserve scarce judicial resources. Procter & Gamble Co. v. Haugen, 317 F.3d 1121, 1132-33 (10th Cir. 2003).  The doctrine has particular relevance following remand from a court of appeals.  Huffman v. Saul Holdings Ltd. P'ship, 262 F.3d 1128, 1132 (10th Cir. 2001).  "[W]hen a case is appealed and remanded, the decision of the appellate court establishes the law of the case and ordinarily will be followed

by both the trial court on remand and the appellate court in any subsequent appeal." Rohrbaugh v. Celotex Corp., 53 F.3d 1181, 1183 (10th Cir. 1995).

An important corollary to the law of the case doctrine, known as the "mandate rule," requires a district court to comply strictly with the mandate rendered by the reviewing court. See Ute Indian Tribe of the Uintah & Ouray Reservation v. Utah, 114 F.3d 1513, 1520-21 (10th Cir. 1997). Where the appellate court does not specifically limit the scope of the remand, a district court generally has discretion to expand resentencing beyond the specific sentencing error underlying the reversal. United States v. Moore, 83 F.3d 1231, 1235 (10th Cir. 1996) (following remand from appellate court for resentencing, district court "possesses the inherent discretionary power to expand the scope of the resentencing beyond the issue that resulted in the reversal and vacation of sentence"). The mandate rule is a discretion-guiding rule of policy and practice that is subject to exception and some flexibility in exceptional circumstances. Id. at 1234-35 (citing United States v. Bell, 988 F.2d 247, 251 (1st Cir. 1993)). Examples of "exceptional circumstances" which warrant an exception to the mandate rule include (1) a dramatic change in controlling legal authority; (2) significant new evidence that was not obtainable earlier through due diligence but has since come to light; or (3) a blatant error from the prior sentencing decision that would result in serious injustice if uncorrected. Id. (citing United States v. Bell, 5 F.3d 64, 67 (4th Cir. 1993)).

Defendant has not shown how any Jencks Act materials relate to the remaining sentencing issues or that any exception to the mandate rule applies. Therefore, the Court

overrules defendant's motion for materials under the Jencks Act.  In addition, as explained below, defendant's motion is untimely.

Under the Jencks Act, "[a]fter a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement (as hereinafter defined) of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified."  18 U.S.C. § 3500(b).  Rule 26.2(a) of the Federal Rules of Criminal Procedure also provides that "[a]fter a witness other than the defendant has testified on direct examination, the court, on motion of a party who did not call the witness, must order an attorney for the government or the defendant and the defendant's attorney to produce, for the examination and use of the moving party, any statement of the witness that is in their possession and that relates to the subject matter of the witness's testimony."  Fed. R. Crim. P. 26.2(a).

Defendant's request for material under the Jencks Act is untimely because he did not renew it before the conclusion of trial.  See United States v. Carter, 613 F.2d 256, 261 (10th Cir. 1979) (Jencks Act protects rights to confront accusers by compelling production of statements useful for impeachment of government witness; post-trial motion for such material untimely); United States v. Clay, 495 F.2d 700, 709-10 (7th Cir. 1974) (because Jencks statement could only be properly used to impeach witness testimony, motion must be made before conclusion of trial).  To the extent that defendant argues that he requested the materials but the government did not fully comply with its disclosure obligation, he should have made a contemporaneous objection and raised the issue on direct appeal.  Defendant apparently seeks

4

the materials now to support a motion for a new trial.  See Motion For Jencks Act Material Pursuant To Fed. R. Crim. P. 26.2(f)(1) And (2) (Doc. #2657) at 5 ("Should the trial court determine that the government was required to deliver the statements to the defendant-appellant, it should, in that event, vacate the judgment of conviction and give the petitioner a new trial."); id. at 6 ("A new trial may be the appropriate sanction for statutory non-compliance."); Los Dahda's Reply To The Government's Response To Motion For Jencks Act Material (Doc. #2678) at 6 ("Timely production of the Dahda grand jury testimony most likely would have affected the outcome of his trial.").  A motion for a new trial grounded on newly discovered evidence must be filed within three years after the verdict or finding of guilty.  Fed. R. Crim. P. 33(b)(1).  A motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty.  Fed. R. Crim. P. 33(b)(2).  Here, a motion for a new trial would be untimely under either subsection because the verdict was entered more than five years ago.  See Verdict (Doc. #1433) filed July 23, 2014.  Accordingly, at this stage, defendant has no need for Jencks Act materials to support a motion for a new trial.

**IT IS THEREFORE ORDERED** that defendant's Motion For Jencks Act Material Pursuant To Fed. R. Crim. P. 26.2(f)(1) And (2) (Doc. #2657) filed August 16, 2019 is **OVERRULED**.

Dated this 21st day of October, 2019 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge