IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) ) CRIMINAL ACTION |
| v. | ) ) No. 12-20083-01-KHV |
| LOS ROVELL DAHDA, | ) ) |
| Defendant. | ) ) |

## SENTENCING MEMORANDUM

A jury found defendant guilty on multiple counts of the Second Superseding Indictment (Doc. #462) including Count 1, which charged him with conspiracy to manufacture marijuana, to possess marijuana with intent to distribute it, to distribute marijuana and to maintain a drug-involved premises. See Verdict (Doc. #1433) filed July 23, 2014 at 1. As to the agreement to manufacture marijuana, to possess marijuana with intent to distribute it and to distribute marijuana, the jury found that "the overall scope of the agreement involved more than 1,000 kilograms of marijuana." Instructions To The Jury (Doc. #1430) filed July 23, 2014, No. 19. On September 30, 2015, the Court sentenced defendant to 189 months in prison and imposed a fine of $16,985,250. See Judgment In A Criminal Case (Doc. #2076). On April 4, 2017, the Tenth Circuit affirmed defendant's convictions and the sentence of imprisonment, but reversed and remanded so that this Court could reconsider the amount of the fine. United States v. Los Dahda, 853 F.3d 1101, 1118 (10th Cir. 2017), aff'd, 138 S. Ct. 1491 (2018). Although the Tenth Circuit mandate was limited to the amount of the fine, this Court expanded the scope of resentencing to include recalculation of the drug quantity attributable to Los Dahda in light of the Tenth Circuit's ruling in his brother's case, United States v. Roosevelt Dahda, 852 F.3d 1282

(10th Cir. 2017), aff'd, 138 S. Ct. 1491 (2018). See Memorandum And Order (Doc. #2620) filed May 22, 2019.

On December 12, 2019, the Court resentenced defendant to a controlling term of 135 months in prison and three years of supervised release. This memorandum sets forth the legal basis for the Court's determination at sentencing that as to Count 1, the statutory range set forth in 21 U.S.C. § 841(b)(1)(C) applies.

On Count 1, defendant argues that because a jury did not determine that a specific drug quantity was reasonably foreseeable to him, the Court should apply the default provision of 21 U.S.C. § 841(b)(1)(D), which includes a statutory range of zero to five years in prison. On direct appeal, the Tenth Circuit rejected this same argument as follows:

> Los was found guilty on count 1, which charged a conspiracy involving 1,000 kilograms or more of marijuana. See 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vii), 846, 856. For this count, Los obtained a sentence of 189 months' imprisonment. He contends that this sentence violates the Constitution because the jury did not specifically find the marijuana quantity involved in the conspiracy.
>
> "We review the legality of an appellant's sentence de novo." United States v. Jones, 235 F.3d 1231, 1235 (10th Cir. 2000).
>
> The penalties for violating § 841(a) appear in subsection (b). Subsection (b)(1)(D) provides a maximum sentence of 5 years' imprisonment if the total marijuana weight was less than 50 kilograms. 21 U.S.C. § 841 (b)(1)(D). Subsection (b)(1)(C) provides a maximum sentence of 20 years' imprisonment when no specific amount is charged. And subsections (b)(1)(A) and (B) provide higher maximum sentences depending on the type and quantity of the substance; in cases involving 1,000 kilograms or more of marijuana, subsection (b)(1)(A) imposes a mandatory minimum sentence of 10 years and a maximum sentence of life imprisonment. 21 U.S.C. § 841(b)(1)(A)(vii).
>
> Although Los was found guilty of participating in a conspiracy involving 1,000 kilograms or more of marijuana, the government agreed to waive the

10–year mandatory minimum under § 841(b)(1)(A). Thus, Los was sentenced under § 841(b)(1)(C).

But he argues that he should have been subject to the 5–year maximum under § 841(b)(1)(D) because the verdict form did not require a specific determination of the marijuana quantity. We reject this argument because the marijuana quantity, 1,000 kilograms, was an element of the charged conspiracy.

Los correctly argues that to increase his maximum sentence based on drug quantity, the quantity of drugs had to be charged in the indictment, submitted to the jury, and proven beyond a reasonable doubt. Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S. Ct. 2348, 147 L.Ed.2d 435 (2000); United States v. Jones, 235 F.3d 1231, 1233, 1236 (10th Cir. 2000). Thus, if the jury had not found a marijuana quantity beyond a reasonable doubt, the Constitution would have limited the maximum sentence to five years under § 841(b)(1)(D). United States v. Cernobyl, 255 F.3d 1215, 1220 (10th Cir. 2001).

But no constitutional violation took place. On count 1, the jury found that the conspiracy had involved 1,000 kilograms or more of marijuana. Though the quantity was not addressed on the verdict form, the quantity was charged in the indictment and included in Instruction 19: "As to each defendant, to carry its burden of proof on Count 1, the government must prove beyond a reasonable doubt each of the following elements: . . . the overall scope of the agreement involved more than 1,000 kilograms of marijuana." R. vol. 1 at 401. In turn, the verdict form directed the jury to make its findings on count 1 "[u]nder instructions 19-21." Id. at 433.

"We presume the jury follows its instructions" in the absence of an overwhelming probability to the contrary. United States v. Rogers, 556 F.3d 1130, 1141 (10th Cir. 2009); United States v. Herron, 432 F.3d 1127, 1135 (10th Cir. 2005). There is no reason to think that the jury disregarded its instructions, and we see no reason to reject the presumption here. Thus, we reject Los's challenge to the sentence on count one. See United States v. Singh, 532 F.3d 1053 (9th Cir. 2008) (holding that no Apprendi violation took place when the burden of proof on a fact, which enhanced the statutory maximum, was contained in a jury instruction but not in the verdict form); United States v. O'Neel, 362 F.3d 1310, 1314 (11th Cir. 2004) (same), vacated sub nom., Sapp v. United States, 543 U.S. 1107, 125 S. Ct. 1114, 160 L.Ed.2d 1027 (2005), reinstated, 154 Fed. Appx. 161 (11th Cir. 2005).

Los Dahda, 853 F.3d at 1116-17.

As to defendant's brother, Roosevelt Dahda, the Tenth Circuit stated as follows:

> In United States v. Los Dahda, we addressed whether the lack of an express jury finding on quantity required resentencing of Los under 21 U.S.C. § 841(b)(1)(D), rather than § 841(b)(1)(C). 853 F.3d 1101, 1116-17 (10th Cir. 2017). Under de novo review, we concluded that the answer was "no" because the quantity of 1,000 kilograms constituted an element of the charged conspiracy. Id.
>
> The same reasoning applies here. Using the same instructions and verdict form described in Los Dahda, the jury found Roosevelt guilty on count one, which required the jury to find that the conspiracy involved 1,000 kilograms or more of marijuana. Therefore, Roosevelt's sentence under 21 U.S.C. § 841(b)(1)(C) did not constitute error, much less plain error. See id.
>
> In sum, Roosevelt waived his challenge to the statutory maximum. But even if this issue had not been waived, application of § 841(b)(1)(C) would not have constituted plain error.

Roosevelt Dahda, 852 F.3d at 1292.

On remand, defendant argued that under United States v. Ellis, 868 F.3d 1155 (10th Cir. 2017), the Tenth Circuit rationale on direct appeal, as outlined above, no longer applies. This Court rejected defendant's argument as follows:

> In Ellis, the Tenth Circuit found that after Alleyne v. United States, 570 U.S. 99 (2013), and United States v. Dewberry, 790 F.3d 1022 (10th Cir. 2015), a "conspiracy-wide crack-cocaine finding of 280 grams or more cannot establish the mandatory-minimum term of 10 years [under 21 U.S.C. § 841(b)(1)(A)]—only jury-found, individually attributable amounts can authorize that sentence for a defendant." 868 F.3d at 1178. Ellis appears to be contrary to the earlier published decision in the case of Los Dahda on direct appeal, which the Tenth Circuit also decided after Alleyne and Dewberry. In any event, the Court need not reconcile this apparent conflict because even under Ellis, a statutory maximum of 20 years applies.
>
> Under Ellis, if Count 1 had charged a conspiracy to commit an offense under Section 841 involving an unspecified quantity of marijuana, a five-year statutory maximum would have applied to that count. 21 U.S.C. § 841(b)(1)(D); see Ellis, 868 F.3d at 1178-79 (remanding for resentencing under Section 841(b)(1)(C), the default provision if jury did not find specific quantity of cocaine); see also Los

4

Dahda, 853 F.3d at 1117 (if jury had not found marijuana quantity, the maximum sentence would be five years under § 841(b)(1)(D)). The jury, however, specifically found Los Dahda guilty of a broader conspiracy which included the objective to maintain a drug-involved premises in violation of 21 U.S.C. § 856. See Verdict (Doc. #1433), Question 1. Section 856(b) penalizes maintaining a drug-involved premises without reference to any specific quantity of drugs, with a statutory maximum of 20 years. Accordingly, on Count 1, a 20-year statutory maximum applies. See 21 U.S.C. § 846 (any person who conspires to commit offense subject to same penalties as those prescribed for offense); 21 U.S.C. § 856(b) (statutory maximum of 20 years applies for maintaining drug-involved premises). In addition, the jury found defendant guilty on Count 31 for the substantive offense of maintaining a drug-involved premises, which again includes a statutory maximum of 20 years. See 21 U.S.C. § 856(b).

Defendant apparently maintains that after applying Section 2B1.8 of the Guidelines, the five-year statutory maximum under 21 U.S.C. § 841(b)(1)(D), not the statutory maximum in 21 U.S.C. § 856(b), applies to Counts 1 and 31. See Los Dahda's pro se Post-Remand Sentencing Memorandum (Doc. #2546) at 4 (because jury did not make individualized attribution of drug quantity, "both Count 1 and 31 should be corrected by sentencing Los Dahda to the default for a[n] indeterminate/unspecified quantity of marijuana as found in § 841(b)(1)(D)"); [Los Dahda's] Sentencing Memorandum Regarding Resentencing Following Remand (Doc. #2544) ("the sentence for Count 31, maintaining a premises, is also tied to drug quantity under U.S.S.G. § 2D1.1, as directed by U.S.S.G. § 2D1.8"). For the offense of maintaining a drug-involved premises, Section 2B1.8 of the Guidelines directs that the "offense level from § 2B1.1 applicable to the underlying controlled substance offense" applies. U.S.S.G. § 2B1.8(a)(1). Section 2B1.8 merely sets forth the base offense level for the offense of maintaining a drug involved premises with reference to Section 2B1.1. Contrary to defendant's suggestion, Section 2B1.8's reference to the base offense level under Section 2B1.1 does not impact the 20-year statutory maximum under 21 U.S.C. § 856(b), which applies to Counts 1 and 31.

Even if defendant could show that a five-year statutory maximum applied to Counts 1 and 31, he has not shown that his operative sentence would be limited to five years. The Sentencing Guidelines specifically instruct district courts to stack sentences where the guideline range exceeds the statutory maximum on a single count of conviction. See U.S.S.G. § 5G1.2(d) (if sentence imposed on count carrying highest statutory maximum is less than total punishment, then sentence imposed on one or more of other counts shall run consecutively to the extent necessary to produce combined sentence equal to total punishment); App. Note 1 to U.S.S.G. § 5G1.2(d) (if no count carries adequate statutory maximum,

consecutive sentences to be imposed to extent necessary to achieve total punishment); see also 18 U.S.C. § 3584 (if multiple terms of imprisonment imposed at same time, court may run terms concurrently or consecutively after considering various factors under Section 3553(a)); United States v. Lewis, 594 F.3d 1270, 1276 (10th Cir. 2010) (where guideline range was life but no offense of conviction carried maximum sentence of life, eminently reasonable for district court to impose sentence functionally equivalent to life by imposing maximum sentence for each crime of conviction and making sentences consecutive); see United States v. Ivory, 532 F.3d 1095, 1107-08 (10th Cir. 2008) (hardly unreasonable to "stack" statutory sentences to reach presumptively reasonable guideline sentence); United States v. Johnson, 451 F.3d 1239, 1243 (11th Cir. 2006) (Section 5G1.2(d) requires that sentences run consecutively to extent necessary to reach guideline range).

At defendant's original sentencing on Count 1, the Court applied the statutory range of zero to 20 years. That statutory range still applies.

Memorandum And Order (Doc. #2620) at 8-11 (footnote omitted).

At sentencing and in various objections to the presentence investigation report, defendant again argues that because a jury did not determine that a specific drug quantity was reasonably foreseeable to him, the Court should apply the default provision of 21 U.S.C. § 841(b)(1)(D). "[W]hen a case is appealed and remanded, the decision of the appellate court establishes the law of the case and ordinarily will be followed by both the trial court on remand and the appellate court in any subsequent appeal." Rohrbaugh v. Celotex Corp., 53 F.3d 1181, 1183 (10th Cir. 1995). An important corollary to the law of the case doctrine, known as the "mandate rule," requires a district court to comply strictly with the mandate rendered by the reviewing court. See Ute Indian Tribe of the Uintah & Ouray Reservation v. Utah, 114 F.3d 1513, 1520-21 (10th Cir. 1997). Where the appellate court does not specifically limit the scope of the remand, a district court generally has discretion to expand resentencing beyond the specific sentencing error underlying the reversal. United States v. Moore, 83 F.3d 1231, 1235

(10th Cir. 1996) (following remand from appellate court for resentencing, district court "possesses the inherent discretionary power to expand the scope of the resentencing beyond the issue that resulted in the reversal and vacation of sentence"). The mandate rule is a discretion-guiding rule of policy and practice that is subject to exception and some flexibility in exceptional circumstances. Id. at 1234-35 (citing United States v. Bell, 988 F.2d 247, 251 (1st Cir. 1993)). Examples of "exceptional circumstances" which warrant an exception to the mandate rule include (1) a dramatic change in controlling legal authority; (2) significant new evidence that was not obtainable earlier through due diligence but has since come to light; or (3) a blatant error from the prior sentencing decision that would result in serious injustice if uncorrected. Id. (citing United States v. Bell, 5 F.3d 64, 67 (4th Cir. 1993)).

Defendant cites Alleyne and Ellis, but neither authority constitutes a dramatic change in controlling legal authority that applies to him on resentencing. First, the Supreme Court decided Alleyne in 2013, well before this Court sentenced defendant in 2015 and the Tenth Circuit decided his appeal in April of 2017. Indeed, on appeal, defendant cited Alleyne in support of his argument that the default statutory penalty of Section 841(b)(1)(D) should apply. See Los Dahda Appellate Reply Brief filed September 26, 2016 at 20-21. Moreover, both Alleyne and Ellis addressed the necessary jury findings to impose a statutory minimum sentence while the Court here found that based on the government's agreement, no statutory minimum applied.

Beyond the law of the case doctrine and mandate rule, this Court is bound to follow the Tenth Circuit's published opinions in Los Dahda and Roosevelt Dahda which directly address

the issue whether a jury finding on the scope of the conspiratorial agreement is sufficient to apply the statutory range of zero to 20 years under subsection (C) of Section 841(b)(1) instead of the statutory range of zero to five years under subsection (D). Defendant suggests that the Tenth Circuit did not correctly decide his direct appeal based on the then-existing precedent in Alleyne and Dewberry. The remedy for any such purported error would have been a panel rehearing, rehearing en banc or subsequent Supreme Court action. The panel decision in Ellis, which involved a challenge to a statutory minimum, did not and could not overrule the prior panel decisions in Los Dahda and Roosevelt Dahda. See United States v. Elliott, 937 F.3d 1310, 1316 n.5 (10th Cir. 2019) (one panel cannot depart from prior holdings absent en banc reconsideration or superseding contrary decision by Supreme Court).

In sum, as to Count 1, the Court will apply the statutory range of zero to 20 years in prison as set forth in 21 U.S.C. § 841(b)(1)(C).

**IT IS SO ORDERED**.

Dated this 16th day of December, 2019 at Kansas City, Kansas.

s/ Kathryn H. Vratil  
KATHRYN H. VRATIL  
United States District Judge