**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | |
| v. | Case No. 12-20083-01-DDC |
| **LOS ROVELL DAHDA (01),** | |
| Defendant. | |

### MEMORANDUM AND ORDER

On December 12, 2019, after remand from the Tenth Circuit, the court sentenced Los Dahda to 135 months in prison. This matter comes before the court on pro se[1] defendant Los Dahda's Motion For Immediate Release Pending Appeal (Doc. 2761). For reasons explained below, the court denies Mr. Dahda's motion.

**I.     Background**

On July 23, 2014, a jury found Mr. Dahda guilty on multiple counts of the Second Superseding Indictment (Doc. 462) including conspiracy to manufacture marijuana, to possess marijuana with intent to distribute it, to distribute marijuana and to maintain a drug-involved premises, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846 and 856 (Count 1), maintaining a drug-involved premises, in violation of 21 U.S.C. § 856 (Count 31), two counts of distributing marijuana, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(D) (Counts 26, 36), six counts of using a communication facility to facilitate a drug trafficking offense, in violation of 21 U.S.C. § 843(b)

---

[1] Because Mr. Dahda proceeds pro se, the court construes his filings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court does not assume the role of advocate for a pro se litigant. *Id.*

(Counts 38, 39, 41, 42, 45 and 46), three counts of possession of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(D) (Counts 43, 49 and 85), and two counts of attempted possession of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(D) (Counts 73 and 88).  As it applied to the agreement to manufacture marijuana, to possess marijuana with intent to distribute it, and to distribute marijuana, the jury found that "the overall scope of the agreement involved more than 1,000 kilograms of marijuana."  Instructions To The Jury (Doc. 1430) filed July 23, 2014, No. 19.

At the original sentencing, the court attributed a total of 907 kilograms of marijuana to Mr. Dahda.  Presentence Investigation Report (Doc. 2049) filed September 23, 2015, ¶ 414. Because Mr. Dahda's offense involved at least 700 kilograms but less than 1,000 kilograms of marijuana, his base offense level was 28.  U.S.S.G. § 2D1.1(c)(6); *see* Presentence Investigation Report (Doc. 2049), ¶ 415.  The court added two levels because Mr. Dahda maintained a premises for the purpose of manufacturing or distributing a controlled substance, U.S.S.G. § 2D1.1(b)(12), and added four levels because he acted as an organizer or leader of criminal activity involving five or more participants, U.S.S.G. § 3B1.1(a).  Mr. Dahda's total offense level was 34, with a criminal history category II, resulting in a guideline range of 168 to 210 months. *See* Presentence Investigation Report (Doc. 2049), ¶ 467.  Based on Mr. Dahda's conviction on Count 1, he faced a statutory range of 10 years to life in prison.  21 U.S.C. § 841(b)(1)(A).  At sentencing, and in response to Mr. Dahda's objections to the statutory range, the government agreed to waive the 10 year statutory minimum under Section 841(b)(1)(A) and requested that the court sentence Mr. Dahda under Section 841(b)(1)(C), which carries no minimum and a maximum of 20 years in prison.

On September 30, 2015, Judge Kathryn H. Vratil sentenced Mr. Dahda to 189 months in prison and imposed a fine of $16,985,250.  On April 4, 2017, the Tenth Circuit affirmed Mr. Dahda's convictions and sentence of imprisonment, but reversed and remanded for the court to reconsider the amount of the fine.  *United States v. Los Dahda*, 853 F.3d 1101, 1118 (10th Cir. 2017), *aff'd*, 138 S. Ct. 1491 (2018).  On remand, Judge Vratil expanded the scope of resentencing to include recalculation of the drug quantity attributable to Mr. Dahda in light of the Tenth Circuit's ruling in his brother's case, *United States v. Roosevelt Dahda*, 852 F.3d 1282 (10th Cir. 2017), *aff'd*, 138 S. Ct. 1491 (2018).  *See* Memorandum And Order (Doc. 2620).

At resentencing, the court attributed a total of 614 kilograms of marijuana to Mr. Dahda—a reduction of nearly 300 kilograms.  Transcript of Resentencing (Doc. 2753) at 11.  Because Mr. Dahda's offense involved at least 400 kilograms but less than 700 kilograms of marijuana, his base offense level was 26.  U.S.S.G. § 2D1.1(c)(7).  The court again added two levels because Mr. Dahda had maintained a drug-involved premises, U.S.S.G. § 2D1.1(b)(12), and added four levels for his leadership role in the offense, U.S.S.G. § 3B1.1(a).  Mr. Dahda's total offense level was 32, with a criminal history category II, which resulted in a guideline range of 135 to 168 months.  *See* Revised Presentence Investigation Report (Doc. 2687), ¶ 472.  Based on Mr. Dahda's conviction on Count 1 and the government's prior agreement to waive the statutory minimum under Section 841(b)(1)(A), he faced a statutory range of zero to 20 years in prison.  *See* 21 U.S.C. § 856(b); *see also* 21 U.S.C. § 841(b)(1)(C).

On December 12, 2019, Judge Vratil resentenced Mr. Dahda to a controlling term of 135 months in prison and three years of supervised release.  On December 20, 2019, Mr. Dahda appealed.  *See* Notice Of Appeal (Doc. 2719).

Mr. Dahda now seeks immediate release pending resolution of his appeal.

**II.      Analysis**

Mr. Dahda asks the court to release him pending appeal under either Section 3143(b)(1) or Section 3145(c) of Title 18 of the United States Code.  *See* Motion For Immediate Release (Doc. 2761) at 2, 20.  Because a jury found Mr. Dahda guilty of violations under the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, he must satisfy the requirements of both statutes.  *See* 18 U.S.C. § 3145(b)(2) (detention mandatory if person found guilty of offense in Section 3142(f) which includes offenses with a maximum term of imprisonment of 10 years or more under the Controlled Substances Act); 18 U.S.C. § 3145(c) (person otherwise subject to mandatory detention under Section 3143(b)(2) may be ordered released for exceptional reasons). Accordingly, the court may release Mr. Dahda on appeal only if he shows:  (1) by clear and convincing evidence, he is "not likely to flee or pose a danger to the safety of any other person or the community if released;" 18 U.S.C. § 3143(b)(1)(A); (2) his appeal "raises a substantial question of law or fact likely" to produce a reversal, a new trial, a sentence with no custody component, or a custody sentence shorter than the anticipated life of the appeal, 18 U.S.C. § 3143(b)(1)(B); and (3) "exceptional reasons" demonstrate that his detention would not be appropriate, 18 U.S.C. § 3145(c).  Mr. Dahda has not satisfied any of these three requirements for release.

**A.  Whether Mr. Dahda Is Likely To Flee Or Pose A Danger To Community**

To warrant release on appeal, Mr. Dahda must first demonstrate by clear and convincing evidence that if released, he "is not likely to flee or pose a danger to the safety of any other person or the community." 18 U.S.C. § 3143(b)(1)(A).  In determining whether a defendant is a risk of flight or poses a danger to the safety of another person and the community, the court considers (1) the nature and circumstances of the offenses charged; (2) the weight of the

4

evidence against defendant; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g). Mr. Dahda has presented some persuasive evidence on this issue, including the affidavit of a close family friend who has agreed to let Mr. Dahda and his brother reside at her residence. *See* Affidavit of Lyangela Jaimez, Exhibit 6 to Motion For Immediate Release (Doc. 2761). Mr. Dahda also notes that, while in prison, he has had just one minor infraction and has not lost any good time credit. Defendant's Reply (Doc. 2783) at 2. He asserts that he understands that if he absconded and was apprehended, he would face a longer prison term than his remaining time on the current sentence. *Id.* On the other hand, the government notes that the magistrate judge initially determined that the evidence presented at Mr. Dahda's detention hearing established (1) by a preponderance of the evidence, that he posed a serious risk of flight and (2) by clear and convincing evidence, that he posed a serious risk to the safety of the community. *See* Detention Order (Doc. 400). Moreover, a jury found Mr. Dahda guilty on numerous charges involving a widespread drug-trafficking conspiracy. Significantly, during the beginning of the charged conspiracy, Mr. Dahda was on supervised release as part of a sentence that this court imposed in a case where he pleaded guilty to providing false information to acquire a firearm, in violation of 18 U.S.C. § 922(a)(6) and possession of an unregistered sawed-off shotgun, in violation of 26 U.S.C. §§ 5841, 5861(d), 5871 and 5845(a). *See* Judgment In A Criminal Case (Doc. 64) filed September 21, 2004 in D. Kan. No. 04-20060-02-CM.

On balance, the court finds that Mr. Dahda has demonstrated that he is not a flight risk. Even so, the court finds that on the present record, Mr. Dahda has not shown by clear and convincing evidence that, if released, he "is not likely to pose a danger to the safety of any other

person or the community." 18 U.S.C. § 3143(b)(1)(A).  The fact that Mr. Dahda has served several years in prison with no significant disciplinary incidents—while certainly a positive factor—does not necessarily lessen the court's concern that if released, he poses a serious risk to the safety of the community.  *See* Detention Order (Doc. 400) at 1–2 (Mr. Dahda poses a serious risk of sophisticated, large-scale drug trafficking based in part on long-term history of assaultive behavior, history relating to drug abuse, significant prior criminal record, committing the charged conduct while on supervised release in this court and an unverified release plan).[2]  For this reason, Mr. Dahda is not entitled to release on appeal.

But, even if Mr. Dahda could show that he does not pose a serious risk to the safety of the community, he has not satisfied two additional requirements to earn release.  The court discusses them, below.

### B.  Whether Mr. Dahda Has Shown Substantial Question on Appeal

To warrant release on appeal, Mr. Dahda also must establish that his appeal "raises a substantial question of law or fact likely" to produce a reversal, a new trial, a sentence with no custody component, or a custody sentence shorter than the anticipated life of the appeal.  18 U.S.C. § 3143(b)(1)(B).  A "substantial question" is a "close question or one that very well could be decided the other way."  *United States v. Affleck*, 765 F.2d 944, 952 (10th Cir. 1985) (citation and quotation marks omitted).

---

[2]   Mr. Dahda notes that he successfully completed his supervision in his prior federal case on September 18, 2007, and that the jury in this action did not find that he had committed any unlawful acts before that date.  *See* Defendant's Reply (Doc. 2783) at 1.  Mr. Dahda ignores the fact that the jury found him guilty on Count 1 of a conspiracy beginning in approximately January of 2005, eight months before he was released from prison and 32 months before supervision in his earlier case ended.  *See* Instructions To The Jury (Doc. 1430), No. 18; Revised Presentence Investigation Report (Doc. 2687), ¶ 430.  The government's decision to focus at trial on evidence of criminal conduct after September of 2007 does not undermine the conclusion that the conspiracy included the period when he was on supervision in his prior case.

Mr. Dahda argues that on appeal, he presents a substantial question whether the court erred in altering the prescribed statutory range under subsection 841(b)(1)(D) "despite the jury's failure to find his individual reasonably foreseeable drug attribution in direct contravention of *Alleyne* [*v. United States*, 570 U.S. 99 (2013)]." Motion For Immediate Release (Doc. 2761) at 5. Mr. Dahda argues that a jury finding on drug quantity is necessary to go beyond the default statutory range in subsection (b)(1)(D) of § 841. While Mr. Dahda cites substantial authority to support his position, he ignores the fact that the Tenth Circuit rejected a substantially similar argument in his appeal of his original sentence. *Los Dahda*, 853 F.3d at 1116–17. (rejecting challenge that his "sentence [beyond the 5-year statutory maximum in Section 841(b)(1)(D)] violates the Constitution because the jury did not specifically find the marijuana quantity involved in the conspiracy"); *see also Roosevelt Dahda*, 852 F.3d at 1292 (applying reasoning from companion *Los Dahda* decision; "Roosevelt's sentence under 21 U.S.C. § 841(b)(1)(C) did not constitute error, much less plain error" based on jury finding that conspiracy involved 1,000 kilograms or more of marijuana). As the Tenth Circuit explained, the district court did not err by applying the statutory range under Section 841(b)(1)(C) because "the jury found that the conspiracy had involved 1,000 kilograms or more of marijuana." *Los Dahda*, 853 F.3d at 1117. Both the law of the case doctrine and the mandate rule are substantial obstacles to Mr. Dahda's challenge that the court could not impose a sentence beyond the statutory maximum under Section 841(b)(1)(D). *See* Judge Vratil's Sentencing Memorandum (Doc. 2709) filed December 17, 2019 at 6–8.

In addition to the obstacles imposed by the law of the case doctrine and the mandate rule, Mr. Dahda has not sufficiently explained why the statutory limits of Section 841(b)(1)(D) would have produced a different sentence. The court notes that Count 1 also charged that Mr. Dahda

conspired to maintain a drug-involved premises in violation of Section 856(b), which includes a statutory maximum of 20 years without regard to drug quantity. *See Memorandum And Order* (Doc. 2620) at 9; 21 U.S.C. § 856(b). Likewise, the jury found Mr. Dahda guilty on Count 31 for the substantive offense of maintaining a drug-involved premises, which again includes a statutory maximum of 20 years. *See* Memorandum And Order (Doc. 2620) at 9. Finally, even if a five-year statutory maximum applied to both Counts 1 and 31, the sentencing court arguably could have stacked the sentences on the various counts to reach a guideline range that exceeded the statutory maximum on a single count of conviction. *See id.* at 10–11 (citing U.S.S.G. § 5G1.2(d), App. Note 1 to U.S.S.G. § 5G1.2(d), and 18 U.S.C. § 3584). Mr. Dahda has raised an interesting issue about conflicting Tenth Circuit authority on the statutory limits under Section 841(b)(1)(D), but he has not shown that a favorable outcome on that issue would confine the sentencing court's authority in his case.

### C.  Whether Mr. Dahda Has Shown Exceptional Reasons For Release

Finally, to warrant release on appeal, Mr. Dahda must establish that "exceptional reasons" exist and they render his detention inappropriate. 18 U.S.C. § 3145(c). "Exceptional" means clearly out of the ordinary, uncommon or rare. *United States v. Mutte*, 383 F. App'x 716, 718 (10th Cir. 2010); *see United States v. Velarde*, 555 F. App'x 840, 841 (10th Cir. 2014) ("The statutory reference to *exceptional* reasons has real substance; circumstances that do not extend beyond the ordinary provide no basis for release under § 3145(c).") (emphasis in original). A wide range of factors may bear upon the analysis. *Mutte*, 383 F. App'x at 718.

Mr. Dahda suggests that the validity of his appeal constitutes exceptional circumstances. For substantially the same reasons described above, Mr. Dahda has not shown a likelihood that

he will prevail on appeal or, if he does so, that his victory would lead to a term in prison less than what he already has served.

Mr. Dahda also asserts that exceptional circumstances are present because he needs to be tested to determine if he is a possible match for a kidney transplant for his sister. *See* Motion For Immediate Release (Doc. 2761) at 12. As the government notes, Mr. Dahda has not shown that he cannot be tested while in the custody of the Bureau of Prisons ("BOP"). In addition, caring for a family member generally is not considered an exceptional reason why detention is not appropriate. *See Velarde*, 555 F. App'x at 841.

In his reply brief, Mr. Dahda argues that he has shown exceptional circumstances based on the COVID-19 pandemic.[3] Defendant's Reply (Doc. 2783) at 3–4. Mr. Dahda is currently confined at FCI Forrest City – Low in Forrest City, Arkansas. As of May 3, 2020, 66 inmates and one staff member at this facility have tested positive for COVID-19. *See* BOP, COVID-19 Cases, accessed May 4, 2020, https://www.bop.gov/coronavirus/. Mr. Dahda apparently has an auto-immune disease, which places him at serious risk of severe illness should he contract COVID-19. Even so, and in part because defendant raised the issue in his reply brief, the record

---

[3] The court declines to construe Mr. Dahda's argument as a request for relief under the Coronavirus Aid, Relief and Economic Security Act ("CARES Act"), Pub. L. No. 116-136 (enacted March 27, 2020) or under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A). In any event, based on the present record, the court lacks jurisdiction to grant relief under either provision. First, the CARES Act authorizes the BOP—not courts—to approve home confinement for a remaining term of imprisonment. *United States v. Nash*, No. 19-40022-01-DDC, 2020 WL 1974305, at *2 (D. Kan. Apr. 24, 2020); *see United States v. Read-Forbes*, No. 12-20099-01-KHV, 2020 WL 1888856, at *5 (D. Kan. Apr. 16, 2020) ("While the CARES Act gives the BOP broad discretion to expand the use of home confinement during the COVID-19 pandemic, the Court lacks jurisdiction to order home detention under this provision."). Under the compassionate release statute, the court lacks jurisdiction to grant relief until a defendant has "fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion" on his behalf or 30 days have elapsed since he submitted a request for a motion to the warden. 18 U.S.C. § 3582(c)(1)(A); *see United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) (defendant's failure to exhaust administrative remedies "present[ed] a glaring roadblock foreclosing compassionate release" under § 3582(c)(1)(A)).

9

does not reflect the risk that Mr. Dahda will contract COVID-19 (including the precautions that BOP staff have taken at the institution) relative to the risk that he faces with his proposed placement.  Likewise, the record does not address the institution's capabilities to respond if Mr. Dahda contracted the disease.  Based on the present record, the court finds that Mr. Dahda's risk of contracting COVID-19 by itself is insufficient to establish exceptional circumstances for release pending appeal.  Mr. Dahda may choose to pursue a request for relief under the CARES Act or the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A).  Under either statute, the BOP can assess the relevant factors and determine whether release is appropriate.  *See United States v. Brown*, No. 12-20066-37-KHV, 2020 WL 1935053, at *2 (D. Kan. Apr. 22, 2020) ("BOP is in a better position to initially determine [defendant's] medical needs, his specific risk of COVID-19 and the risk to inmates generally at FCI Forrest City, the risk to the public if he is released and whether his release plan is adequate").  If the BOP declines to file a motion on Mr. Dahda's behalf under the compassionate release statute or 30 days have elapsed since he a made a request, he can file a motion for compassionate release.[4]

**IT IS THEREFORE ORDERED BY THE COURT THAT** Los Dahda's Motion For Immediate Release Pending Appeal (Doc. 2761) is denied.

---

[4]  As an alternative to release, Mr. Dahda asks that the court recommend that the BOP designate him to a facility near "the place where an appeal is to be heard . . . to permit [him] to assist in the preparation of an appeal."  Motion For Immediate Release (Doc. 2761) at 13.  If a defendant is not released on appeal, the court may recommend to the Attorney General that a defendant be confined near the place of the appeal for "a period reasonably necessary to permit the defendant to assist in preparing the appeal."  Fed. R. Crim. P. 38(b)(2).

At sentencing, Judge Vratil granted Mr. Dahda's request for a recommendation that BOP designate him to a facility in Leavenworth, Kansas.  *See* Judgment In A Criminal Case (Doc. 2711) at 3.  Despite the recommendation, the BOP designated Mr. Dahda to a facility in Forrest City, Arkansas.  Rule 38(b)(2) is based on the assumption that counsel is located near the place of appeal and that communication between counsel and a client is facilitated if they are in the same geographic location.  Mr. Dahda, who is proceeding pro se on appeal, has not explained how placement near the place where his appeal will be decided (in Denver) would assist his appeal materially.  The court therefore denies Mr. Dahda's request.

**IT IS FURTHER ORDERED BY THE COURT THAT** Los Dahda's Motion for Expedited Ruling (Doc. 2762) is granted.

**IT IS SO ORDERED.**

**Dated this 4th day of May, 2020, at Kansas City, Kansas.**

s/ Daniel D. Crabtree
**Daniel D. Crabtree**
**United States District Judge**
