**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.

**LOS ROVELL DAHDA (01),**

    Defendant.

Case No. 12-20083-01-DDC

## MEMORANDUM AND ORDER

On December 12, 2019, after remand from the Tenth Circuit Court of Appeals, the court sentenced Los Dahda to 135 months in prison. Mr. Dahda appealed. This matter comes before the court on pro se[1] defendant Los Dahda's Motion Requesting Federal Bureau Of Prison Restrictions Be Removed (Doc. 2742). For the reasons described below, the court dismisses Mr. Dahda's motion.

Mr. Dahda argues that the Bureau of Prisons ("BOP") will not allow him to correspond with his brother Roosevelt, an inmate at a different federal correctional institution. Mr. Dahda asserts that lifting the restriction is necessary so that he and his brother can "exercise their right to litigate their [appeals] without delay." Motion Requesting Federal Bureau Of Prison Restrictions Be Removed (Doc. 2742) at 1.

Initially, the court dismisses Mr. Dahda's motion because he is serving his sentence at a BOP institution not located in this judicial district. Mr. Dahda has not demonstrated that this

---

[1] Because Mr. Dahda proceeds pro se, the court construes his filings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court does not assume the role of advocate for a pro se litigant. *Id.*

court, as the sentencing court, has jurisdiction to hear his claim, which arguably challenges the conditions of his confinement under *Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

But even if the court could hear Mr. Dahda's claim, he has not shown that he deserves relief. The BOP has broad discretion to control inmate correspondence. *See* 28 C.F.R. § 540.14 ("The Warden may reject correspondence sent by or to an inmate if it is determined detrimental to the security, good order, or discipline of the institution, to the protection of the public, or if it might facilitate criminal activity."). A federal inmate ordinarily cannot communicate directly with an inmate at another penal or correctional institution unless the other inmate is "either a member of the immediate family, or is a party or witness in a legal action in which both inmates are involved." 28 C.F.R. § 540.17. While Mr. Dahda's putative correspondence with his brother would satisfy this exception, the following additional limitations apply to correspondence between inmates at different federal institutions:

> (a) Such correspondence at institutions of all security levels may always be inspected and read by staff at the sending and receiving institutions (it may not be sealed by the inmate); and
>
> (b)(1) The appropriate unit manager at each institution must approve of the correspondence if both inmates are housed in Federal institutions and both inmates are members of the same immediate family or are a party or witness in a legal action in which both inmates are involved.

*Id.*

Mr. Dahda has not alleged that after a request to his unit manager, BOP denied him permission to correspond with his brother. And even if he has made such a request but BOP denied it, Mr. Dahda has not alleged that he has pursued any administrative remedies. Without explanation, Mr. Dahda seeks to bypass the BOP process for inmate correspondence with family

3

members and parties in a related case.  Mr. Dahda has not presented any justification for the court to intervene in this matter, a subject committed to BOP discretion.

The court therefore dismisses his motion.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Los Dahda's Motion Requesting Federal Bureau Of Prison Restrictions Be Removed (Doc. 2742) is dismissed.

**IT IS SO ORDERED.**

**Dated this 12th day of May, 2020, at Kansas City, Kansas.**

                    **s/ Daniel D. Crabtree**
                    **Daniel D. Crabtree**
                    **United States District Judge**