## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 12-20083-01-DDC |
| LOS ROVELL DAHDA (01), | |
| Defendant. | |

## MEMORANDUM AND ORDER

On December 12, 2019, after remand from the Tenth Circuit, the court sentenced Los

Dahda to 135 months in prison.  This matter now comes to the court on pro se[1] defendant Los

Dahda's Motion for Return of Property Pursuant to Federal Rules of Criminal Procedure 41(g),

Seeking Judicial Review Under 28 U.S.C. § 1331 and 5 U.S.C. § 702 (Doc. 2736), which the

court construes in part as a request for relief under 18 U.S.C. § 983, and Los Dahda's Complaint

for Injunctive Relief (Doc. 2838), which the court construes as a motion for discovery.  The

government has filed a Response to the Motion for Return of Property (Doc. 2770) and Mr.

Dahda has filed a Reply (Doc. 2787).  For reasons explained below, the court denies in part and

dismisses in part Mr. Dahda's Motion for Return of Property.  Also, the court denies his motion

for discovery.

### I.      Background

On July 23, 2014, a jury found Mr. Dahda guilty on multiple counts of the Superseding

Indictment (Doc. 462) including conspiracy to manufacture marijuana, to possess marijuana with

---

[1]      Because Mr. Dahda proceeds pro se, the court construes his filings liberally and holds them to a
less stringent standard than formal pleadings drafted by lawyers.  *See Hall v. Bellmon*, 935 F.2d 1106,
1110 (10th Cir. 1991).  But the court does not assume the role of advocate for a pro se litigant.  *Id.*

intent to distribute it, to distribute marijuana, and to maintain a drug-involved premises, a violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846 and 856 (Count 1), maintaining a drug-involved premises, a violation of 21 U.S.C. § 856 (Count 31), two counts of distributing marijuana, violations of 21 U.S.C. § 841(a)(1), (b)(1)(D) (Counts 26, 36), six counts of using a communication facility to facilitate a drug trafficking offense, violations of 21 U.S.C. § 843(b) (Counts 38, 39, 41, 42, 45 and 46), three counts of possession of marijuana with intent to distribute, violations of 21 U.S.C. § 841(a)(1), (b)(1)(D) (Counts 43, 49 and 85), and two counts of attempted possession of marijuana with intent to distribute, violations of 21 U.S.C. § 841(a)(1), (b)(1)(D) (Counts 73 and 88).

On September 30, 2015, United States District Judge Kathryn H. Vratil sentenced Mr. Dahda to 189 months in prison and imposed a fine of $16,985,250.  On April 4, 2017, the Tenth Circuit affirmed Mr. Dahda's convictions and sentence of imprisonment, but reversed and remanded for the court to reconsider the amount of the fine.  *United States v. Los Dahda*, 853 F.3d 1101, 1118 (10th Cir. 2017), *aff'd*, 138 S. Ct. 1491 (2018).

On December 12, 2019, Judge Vratil resentenced Mr. Dahda to a controlling term of 135 months in prison, three years of supervised release, and no fine.  On December 20, 2019, Mr. Dahda appealed.  *See* Notice Of Appeal (Doc. 2719).

During its investigation of Mr. Dahda's case, the Drug Enforcement Administration ("DEA") seized a 2009 Harley Davidson Road Glide, a 2011 Dodge Ram 3500 Megacab Laramie, and three Bank of America cashier's checks totaling $36,865.42 that the DEA seized from co-defendant Nathan Wallace.  In August of 2012, the government sent Mr. Dahda, by certified mail, written notices of its seizure of these items.  Mr. Dahda then was detained at

Corrections Corporation of America ("CCA") in Leavenworth, Kansas.  Each notice explained the following:

> You may petition the DEA for return of the property or your interest in the property (remission or mitigation), and/or you may contest the seizure and forfeiture in Federal court. . . .

> If you want to request the remission (pardon) or mitigation of the forfeiture, you must file a petition for remission or mitigation with the Forfeiture Counsel of the DEA within thirty (30) days of your receipt of this notice. . . .

> In addition to, or in lieu of petitioning for remission or mitigation, you may contest the forfeiture of the seized property in UNITED STATES DISTRICT COURT.  To do so, you must file a claim with Forfeiture Counsel of the DEA by September 11, 2012.

Rashid Declaration (Doc. 2770-1), Ex. 1 (2011 Dodge); *see id.*, Ex. 14 (2009 Harley, claim deadline Sept. 13, 2012); *id.*, Ex. 29 (cashier's checks, claim deadline Sept. 17, 2012).

Before the stated deadline, Mr. Dahda mailed three documents to DEA's forfeiture counsel.  Each one was titled "Petition for Remission of Personal Property Pursuant to Title 28 CFR [Part-9]."  *Id.*, Ex. 10 (2011 Dodge, Petition dated Aug. 31, 2012), Ex. 21 (2009 Harley, Petition dated Sept. 4, 2012), Ex. 42 (cashier's checks, Petition dated Aug. 27, 2012).  Mr. Dahda's brother, Roosevelt, also submitted a "Petition for Remission of Personal Property Pursuant to Title 28 CFR [Part-9]" for the Bank of America cashier's checks.  *Id.*, Ex. 43. Roosevelt Dahda referred to his brother's earlier submission as a "remission of personal property."  *Id.*

On September 27, 2012, the DEA sent, by certified mail, a letter to Mr. Dahda at CCA. This letter asked him to clarify his request for the Bank of America cashier's checks.  The letter stated as follows:

> [T]his office is unsure if you intended to file a **claim** or a **petition for remission or mitigation**, or both.  Accordingly, your correspondence is being returned for clarification.

> If it was your intention to contest this matter in United States District Court (judicially), you must submit a valid claim to this office. The claim need not be made in any particular form. It must identify the property being claimed, state the claimant's interest in such property, and be made under oath, subject to penalty of perjury by the party claiming an interest in the property. See 18 U.S.C. § 983(a)(2)(C). . . .
>
> As a matter of discretion, you shall be provided **twenty (20) days** from the date of your receipt of this letter to cure any deficiencies noted above and file a valid claim with the Forfeiture Counsel at one of the addresses noted below. In addition, if the corrections are not made, the DEA may treat the documents as nugatory, and the case shall proceed as though the documents had not been tendered. See 21 C.F.R. § 1316.76(a). . . .
>
> In the alternative, you may submit a petition for remission or mitigation of forfeiture to the DEA. . . . As a matter of discretion, you shall be provided **thirty (30) days** from the date of your receipt of this letter to submit a petition for remission or mitigation of forfeiture with Forfeiture Counsel at one of the addresses noted below.

Rashid Declaration (Doc. 2770-1), Ex. 44. On October 16, 2012, the DEA sent a substantially identical letter to Mr. Dahda for the 2009 Harley and the 2011 Dodge. *See id.*, Ex. 22.

On December 13, 2012, after DEA had not received a timely claim for the 2011 Dodge or the 2009 Harley or any other response to its October 16, 2012 letter to Mr. Dahda, it forfeited the vehicles. Likewise, on January 3, 2013, after DEA had not received a timely claim for the Bank of America cashier's checks or any other response to its September 27, 2012 letter to Mr. Dahda, it forfeited the checks.

On November 17, 2015, co-defendant Peter Park agreed to forfeit $84,700 that the government had seized on May 25, 2012, from a FedEx package Mr. Park had shipped to co-defendant Wayne Swift in California. *See* Forfeiture Agreement (Doc. 2345). On March 11, 2020, in Mr. Park's case, No. 12-20083-11, the court entered a preliminary order of forfeiture for the $84,700. *See* Preliminary Order of Forfeiture (Doc. 2759). Two days later, after the government had identified potential deficiencies in the earlier notice process, it re-initiated the

notice process.  On March 18, 2020, the government sent formal notices of the forfeiture of the money from the FedEx package.  On April 6, 2020, Mr. Dahda filed a Petition for Hearing Pursuant to 21 U.S.C. § 853(n) (Doc. 2776).  In it, Mr. Dahda asserts that the $84,700 from the FedEx package all belongs to him and that he intended to use the money to purchase land in California.  The government has filed a Motion to Dismiss or for Summary Judgment (Doc. 2798), which remains pending in the ancillary forfeiture proceeding in Mr. Park's case.

Under Rule 41(g) of the Federal Rules of Criminal Procedure, Mr. Dahda now seeks return of the 2009 Harley, the 2011 Dodge, the Bank of America cashier's checks, and the $84,700 seized from the FedEx package.

## II.    Legal Standard

"A person aggrieved by an unlawful search and seizure of property or by deprivation of property may move for the property's return."  Fed. R. Crim. P. 41(g).  Rule 41(g) is an equitable remedy available only where the movant can show "irreparable harm and an inadequate remedy at law."  *United States v. Copeman*, 458 F.3d 1070, 1071 (10th Cir. 2006) (quotation marks and citation omitted).  "The court must receive evidence on any factual issue necessary to decide the motion."  Fed. R. Crim. P. 41(g).  If the court grants the motion, it must return the property to the movant, but "may impose reasonable conditions to protect access to the property and its use in later proceedings."  *Id.*

## III.   Analysis

Under federal law, the government may pursue three types of forfeitures for seized property: administrative, civil and criminal.  Here, the DEA administratively forfeited the motorcycle, the truck, and the cashier's checks.  For the $84,700 that law enforcement officers

seized from the FedEx package, the government currently is pursuing criminal forfeiture in Mr. Park's case.

### A. DEA Administrative Forfeiture Proceedings

To initiate administrative forfeiture of seized property, the federal agency who seized the property must send written notice to interested parties within 60 days of seizing the property. 18 U.S.C. § 983(a)(1)(A)(i). Any person who claims an interest in the seized property may file a claim with the appropriate agency official. 18 U.S.C. § 983(a)(2)(A). The deadline for filing a claim is the deadline set forth in the notice letter or, if a notice letter is not received, no later than 30 days after final publication of the notice of seizure. 18 U.S.C. § 983(a)(2)(B). A claim must (1) identify the specific property being claimed; (2) describe the claimant's interest in the property; and (3) be made under oath, subject to penalty of perjury. 18 U.S.C. § 983(a)(2)(C). "A claim need not be made in any particular form." 18 U.S.C. § 983(a)(2)(D).

If an interested party files a timely claim with the agency, the government, within 90 days after the claim is filed, must file a civil complaint for forfeiture, file a forfeiture allegation in a criminal indictment, or return the property. 18 U.S.C. § 983(a)(3)(A)–(C). If no party files a timely claim with the agency, the agency can declare the property forfeited to the United States. Such a declaration has the same force and effect as a final decree and order of forfeiture in a judicial forfeiture proceeding in a district court of the United States. 19 U.S.C. § 1609.

Alternatively, or in addition to filing a claim with the agency, an interested person may file a petition for remission or mitigation under 28 C.F.R. § 9.3. Title 28 C.F.R. § 9.5 establishes criteria governing remission and mitigation of administrative forfeitures. The grant of remission or mitigation is discretionary. *Malladi Drugs & Pharm., Ltd. v. Tandy*, 538 F. Supp. 2d 162, 169 (D.D.C. 2008), *aff'd on other grounds*, 552 F.3d 885 (D.C. Cir. 2009). "A petition for remission

or mitigation does not serve to contest the forfeiture, but rather is a request for an executive

pardon of the property based on the petitioner's innocence." *Ibarra v. United States*, 120 F.3d

472, 475 (4th Cir. 1997) (internal quotation marks and citation omitted).

### B.  Judicial Review of Administrative Forfeiture Proceedings

The DEA already administratively forfeited the motorcycle, the truck, and the cashier's

checks under 21 U.S.C. § 881, so Mr. Dahda no longer can seek return of these items under

Rule 41(g).  *See United States v. Tinajero-Porras*, 378 F. App'x 850, 851 (10th Cir. 2010) (court

should not exercise Rule 41(g) jurisdiction "if the movant has failed to challenge the forfeiture

through the appropriate administrative and judicial procedures"); *United States v. Soto-Diarte*,

370 F. App'x 886, 888 (10th Cir. 2010) (Rule 41(g) not proper vehicle to recover monetary

compensation for seized property no longer in government's possession).  The court therefore

dismisses Mr. Dahda's Rule 41(g) motion, but also liberally construes it as a request for relief

under 18 U.S.C. § 983(e), which provides the "exclusive remedy" for him to challenge the

administrative forfeitures.[2]  *Tinajero-Porras*, 378 F. App'x at 851 (§ 983(e) motion provides "the

---

[2]      A filing fee ordinarily must accompany a § 983(e) motion filed in a separate civil action. *See United States v. Barnhardt*, 555 F. Supp. 2d 184, 187 (D.D.C. 2008) (§ 983(e) motion to set aside administrative forfeiture should proceed in a "new, separate civil action" rather than in a closed criminal case); *see also United States v. Flournoy*, 714 F. App'x 592, 595 (7th Cir. 2018) (Rule 41(g) and § 983 motions are civil actions subject to the Prison Litigation Reform Act and court must collect fees that are due). Mr. Dahda has not submitted a filing fee or a motion to proceed in forma pauperis, so the court declines to open a separate civil action. Even if Mr. Dahda had filed a separate civil action, for reasons stated below, the court nevertheless would dismiss it.

      Mr. Dahda also seeks judicial review of the administrative forfeitures under the Administrative Procedures Act ("APA"), 5 U.S.C. §§ 701–08. To seek review under the APA, Mr. Dahda must file an independent civil action. In any event, under the APA, judicial review is limited to "final agency action for which there is no other adequate remedy in a court." 5 U.S.C. § 704. Mr. Dahda has a remedy under 18 U.S.C. § 983(e), so he cannot seek review of the DEA's forfeiture decisions under the APA. *See United States v. Simon*, 609 F. App'x 1002, 1007 (11th Cir. 2015).

exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute") (quoting 18 U.S.C. § 983(e)(5)).

To prevail on a motion under 18 U.S.C. § 983(e), the claimant must establish that he did not receive notice of the proposed forfeiture and that he had no reason to know of it. 18 U.S.C. § 983(e)(1)(A)–(B). Under Section 983(e), the court's review "is limited to determining whether the agency followed the proper procedural safeguards" when it conducted the administrative forfeiture. *Mesa Valderrama v. United States*, 417 F.3d 1189, 1196 (11th Cir. 2005) (under exclusive remedy provided in Section 983(e), the court only can consider whether party received the appropriate notice in sufficient time to contest the agency's summary forfeiture); *see Starwood Mgmt., LLC v. United States*, No. CV-12-00289-TUC-CKJ, 2012 WL 6596635, at *4 (D. Ariz. Dec. 17, 2012) (only procedural aspect of a forfeiture proceeding which can be challenged is whether interested party received timely and sufficient notice). The court lacks jurisdiction, however, to review the underlying merits of the seizure and administrative forfeitures. *See Mesa Valderrama*, 417 F.3d at 1196; *see also United States v. Paret-Ruiz*, 827 F.3d 167, 177–78 (1st Cir. 2016) (claimant's failure to file timely claim after DEA notified him that initial document was insufficient precludes later substantive challenge to forfeiture other than one for lack of notice under Section 983(e)); *United States v. Shigemura*, 664 F.3d 310, 312 (10th Cir. 2011) (argument under Rule 41(g) that the government failed to prove a connection between the forfeited property and the alleged crime does not show the type of procedural defect warranting exercise of the district court's equitable jurisdiction); *Chairez v. United States*, 355 F.3d 1099, 1102 (7th Cir. 2004) (because plaintiff received written notice, the court lacked jurisdiction to consider plaintiff's claim to the property). In addition to the statutory notice requirement of § 983, individuals with a property interest at stake are entitled to procedural due

process, *i.e.*, notice of the proceedings and an opportunity to be heard.  *Mesa Valderrama*, 417

F.3d at 1196; *see Dusenbery v. United States*, 534 U.S. 161, 167–68 (2002).  Under due process

principles, the government must give "notice reasonably calculated, under all the circumstances,

to apprise interested parties of the pendency of the action and afford them an opportunity to

present their objections."  *Mesa Valderrama*, 417 F.3d at 1196–97 (internal quotation marks and

citation omitted).

Initially, the government argues that Mr. Dahda's challenges to the administrative

forfeitures are untimely.  A party challenging an administrative forfeiture must file his § 983(e)

motion within five years after final publication of the notice of seizure of the property.  *See* 18

U.S.C. § 983(e)(3).  The court need not address the government's timeliness argument because

the record reflects that Mr. Dahda received due process in the administrative forfeiture

proceedings.

Mr. Dahda argues that the government did not comply with the notice provisions in 18

U.S.C. § 983(a)(1)(A)(i) because he did not receive notice of the seizure of the property within

the statutory 60-day period.  *See* Motion for Return of Property (Doc. 2736) at 7.  This statute

only requires that notice "be sent" within the 60-day period, not that the government must serve

interested parties within that period.  *See* 18 U.S.C. § 983(a)(1)(A)(i).  Even though Mr. Dahda

apparently received the notices 61 days after the property's seizure, the government sent the

notices within the 60-day period.  The court thus overrules Mr. Dahda's objection that he did not

receive timely notice of the government's seizure of the motorcycle, the truck, and the cashier's

checks.

Mr. Dahda maintains that the DEA did not provide adequate notice or due process in the

administrative forfeiture proceedings.  By statute, "[a] claim need not be made in any particular

form," 18 U.S.C. § 983(a)(2)(C), but the onus is on the interested party "to provide some indicia in his claim that it actually is a claim." *Frazier v. United States*, No. CV 214-014, 2015 WL 1505969, at \*6 (S.D. Ga. Mar. 31, 2015).  Mr. Dahda submitted documents titled "Petition for Remission" and cited 28 C.F.R. Part 9, which governs petitions for remission, not claims.  In each document, Mr. Dahda also noted, in bold and all caps, "remission requested."  In other parts of his submissions, Mr. Dahda referred to raising "relevant objections" to the DEA's forfeiture claims and for the motorcycle, he referred in passing to records that would substantiate "that claim."  Rashid Declaration (Doc. 2770-1), Ex. 10 at 2 ("relevant objections"); *id.*, Ex. 42 at 2 (same); *id.*, Ex. 21 ("that claim").  The DEA reasonably could not ascertain whether Mr. Dahda intended to file a claim, a petition for remission, or both.  And so, it sent Mr. Dahda notices asking him to clarify his intent.  The notices advised Mr. Dahda that if he did not submit a timely response, the DEA could treat the original documents as nullities.  The DEA's failure to construe Mr. Dahda's initial submissions as "claims" did not violate due process principles because he received a clarification letter and he had an opportunity to resubmit the documents as claims after receiving that clarification.  *See Malladi*, 538 F. Supp. 2d at 169–70 (rejecting argument that agency also should have treated petitions as claims because Congress did not intend that all petitions be referred for judicial forfeiture); *see also Paret-Ruiz*, 827 F.3d at 175 (claimant cannot assert lack of notice because he "responded—albeit imperfectly—to the notice he received").

        Mr. Dahda maintains that he filed, in response to the clarification letters from DEA forfeiture counsel, a claim but that he never received further notice of administrative proceedings.  *See* Motion for Return of Property (Doc. 2736) at 11; *see also* Response to Government's Opposition of Defendant's Motion for Return of Property (Doc. 2378) filed

December 1, 2016 at 4–5.  But Mr. Dahda's argument ignores that DEA forfeiture counsel did not receive his "claim," so it was never "filed."  "Due process does not require that a property owner receive actual notice before the government may take his property."  *Jones v. Flowers*, 547 U.S. 220, 226 (2006).  Likewise, due process did not require the DEA to provide Mr. Dahda a third chance to file a claim or notify him that it had not received any response to its letter requesting clarification.

In his affidavit, Mr. Dahda testifies that he filed a "claim after asking [his] trial attorney how to do that under oath and penalty of perjury," Affidavit of Los Rovell Dahda (Doc. 2736-7) ¶ 13, but he has not submitted a copy of the "claim" or stated when he filed it.  Likewise, Mr. Dahda has not explained whether he mailed the "claim" to DEA forfeiture counsel or asked someone else to do so.  From October 9, 2012 (when Mr. Dahda received the DEA's first letter asking for clarification) through January 3, 2013 (when the DEA forfeited the cashier's checks), Mr. Dahda's mail history record from CCA reflects no outgoing mail to DEA forfeiture counsel.  *See* Inmate Mail History (2736-1).  In addition, the government has submitted a declaration from the DEA's forfeiture counsel, testifying that when the DEA forfeited the truck and motorcycle on December 13, 2012, and the cashier's checks on January 3, 2013, the DEA had no record of a response from Mr. Dahda to its letters requesting clarification of his prior submissions.  *See* Rashid Declaration (Doc. 2770-1) ¶¶ 4(i), 5(h) and 6(t).  Mr. Dahda has not presented any evidence to establish that DEA forfeiture counsel actually received his purported "claim" before the DEA administratively forfeited the property.  Mr. Dahda had notice and an opportunity to submit a claim in response to the DEA letters, but the DEA never received such a claim.  The court thus concludes that the DEA afforded Mr. Dahda due process and he is not entitled to relief under 18 U.S.C. § 983.  *See United States v. Ball*, No. 2:04-CR-27, 2007 WL 418895, at *2 n.1

(E.D. Tenn. Feb. 5, 2007) (defendant voluntarily chose not to pursue remedies when he did not

respond to agency letter that advised him that he must file request for hearing or otherwise waive

any claim to seized property); *see also Plumhof v. U.S. Customs & Border Patrol*, No.

12CV2521 AJB NLS, 2013 WL 2295666, at *7 (S.D. Cal. May 24, 2013) (due process satisfied

because plaintiff received timely notice of the agency's seizure of the vehicle).[3]

Mr. Dahda asserts that the DEA improperly pursued administrative forfeiture of the

motorcycle and the truck because the value of the truck exceeded $500,000. *See* Motion for

Return of Property (Doc. 2736) at 11 (asserting value exceeded $500,000, based on the truck's

customizations and maintenance). The government may administratively forfeit a vehicle which

has a value of $500,000 or less. 19 U.S.C. § 1607(a). The DEA notified Mr. Dahda that the

estimated value of the truck was $40,225. *See* Rashid Declaration (Doc. 2770-1), Ex. 1.

Because Mr. Dahda did not challenge the stated value of the truck in the administrative forfeiture

proceeding, he may not raise such a claim in this action. *See Malladi Drugs & Pharm., Ltd. v.*

*Tandy*, 552 F.3d 885, 890–91 (D.C. Cir. 2009) (absent "inadequate notice or illegal procedures"

which prevented movant from raising objection before DEA, movant precluded from raising

---

[3]     Mr. Dahda maintains that after he filed the initial documents titled as petitions for remission,
which he asserts were claims, the DEA had 90 days either to file a complaint under the Supplemental
Rules for Certain Admiralty and Maritime Claims or return the property. *See* Motion for Return of
Property (Doc. 2736) at 7. Shortly after Mr. Dahda received the DEA's requests for clarification, his
attorney explained that the DEA's notices of forfeiture were part of a "civil action" and that he would
need to represent himself in that action unless the court ordered otherwise. *See* Affidavit of Los Rovell
Dahda (Doc. 2736-7), ¶ 11. Mr. Dahda fails to explain why, in early December of 2012 (90 days after the
DEA received his initial submissions) or shortly thereafter, he did not inquire why his property had not
been returned or the status of judicial proceedings on his "claims." He maintains that he first discovered
that the DEA administratively forfeited his motorcycle and truck in October of 2016, nearly four years
after the DEA had forfeited the property. *See id.*, ¶ 14. Mr. Dahda now explains that he assumed that
"the forfeiture proceeding would happen after [his] trial when the jury would be required to determine the
nexus between the property and the crime." *Id.*, ¶ 13. Any such jury determination, however, would not
encompass the property in the separate civil proceeding. Even if the court were to assume that Mr. Dahda
had expected a jury determination of his civil "claims" as part of the criminal proceedings, he never
explains why he did not inquire immediately after the jury's verdict in July of 2014. Mr. Dahda also does
not explain why he did not inquire about such a jury determination during the subsequent 27 months.

claim that DEA *sua sponte* should have initiated judicial forfeiture proceedings because the aggregated value of the seized property exceeded $500,000); *see also Matter of Sixty Seven Thousand Four Hundred Seventy Dollars ($67,470.00)*, 901 F.2d 1540, 1545 (11th Cir. 1990) ("[J]urisdiction might be appropriate when a petitioner's failure to properly seek legal relief [from administrative forfeiture] resulted from errors of procedure and form or the government's own misconduct."); *Starwood*, 2012 WL 6596635, at *5 (plaintiff cannot challenge value of airplane because he failed to timely raise this argument with the DEA in the administrative process). In any event, Mr. Dahda's assertion that the truck is worth more than $500,000 is frivolous in light of his sworn statement—made shortly after his arrest—that the truck's value was $58,000. *See* Financial Affidavit in Support of Request for Attorney (Doc. 6) filed June 13, 2012 (*ex parte*).

Mr. Dahda claims that forfeiture of the motorcycle and the truck following his conviction and sentencing on criminal charges arising from the same conduct violates the Fifth Amendment's Double Jeopardy Clause. *See* Motion for Return of Property (Doc. 2736) at 12. The Fifth Amendment prohibits multiple punishments for the same crime. *Whalen v. United States*, 445 U.S. 684, 688 (1980). Mr. Dahda cannot raise a double jeopardy challenge to the administrative forfeiture of the motorcycle and the truck because the administrative forfeiture of the property occurred before his conviction and sentence. *See United States v. Clark*, 84 F.3d 378, 381–82 (10th Cir. 1996) (defendant lost his opportunity to litigate double jeopardy claim because the administrative forfeiture was complete *before* his guilty plea and sentencing). Instead, Mr. Dahda would have to raise such a claim as a challenge to the punishment in his criminal case, which is pending on appeal. In any event, because Mr. Dahda never filed a claim in the administrative forfeiture proceedings, he "was never placed in jeopardy or 'punished' in

13

any constitutional sense because he was never a party to any proceeding designed to adjudicate his personal culpability." *United States v. German,* 76 F.3d 315, 320 (10th Cir. 1996).  For these reasons, the court rejects defendant's double jeopardy challenge to the forfeiture of the motorcycle and the truck.

Finally, Mr. Dahda asserts that forfeiture of his property constituted an excessive fine because it was grossly disproportionate to his individually foreseeable drug quantity.  *See* Motion for Return of Property (Doc. 2736) at 12.  By statute, Mr. Dahda had the opportunity to file a claim and seek a judicial determination that the forfeiture was "constitutionally excessive."  18 U.S.C. § 983(g)(1).  But Mr. Dahda did not file such a claim in the administrative forfeiture proceeding, and the court lacks jurisdiction to review his constitutional challenge to the amount of forfeiture.  *See Mesa Valderrama*, 417 F.3d at 1195 (court lacks jurisdiction to review merits of administrative or nonjudicial forfeiture determinations).

### C.  Money From The FedEx Package

Mr. Dahda seeks return of $84,700 that law enforcement officers seized from a FedEx package shipped from Mr. Park to Mr. Swift in California.  On November 17, 2015, at sentencing, Mr. Park agreed to forfeit the $84,700.  As explained above about the money in the FedEx package, the government restarted the ancillary forfeiture process in Mr. Park's case.  On April 6, 2020, Mr. Dahda filed a Petition for Hearing Pursuant to 21 U.S.C. § 853(n) (Doc. 2776).  Mr. Dahda's petition and the government's Motion to Dismiss or for Summary Judgment are pending in Mr. Park's case.  Because the government has not pursued criminal forfeiture of the money from the FedEx package in Mr. Dahda's case and he has an adequate remedy at law under 21 U.S.C. § 853(n) in the ancillary forfeiture proceeding in Mr. Park's case, the court dismisses his Rule 41(g) motion about the money seized from the FedEx package.

14

### D.  Motion for Discovery

In this criminal action, Mr. Dahda improperly filed a civil "Complaint for Injunctive Relief" under the Freedom of Information Act and the APA against the Department of Justice and the DEA.  Mr. Dahda has not paid the filing fee required to commence a civil case by filing a civil complaint.  The court liberally construes Mr. Dahda's complaint as a motion for discovery related to his Motion for Return of Property (Doc. 2736) and his Petition for Hearing Pursuant to 21 U.S.C. § 853(n) (Doc. 2776).  Mr. Dahda seeks release of "all Forfeiture Notices, [r]esponse to the notices, [c]laims made in response to notices, DEA estimate of value, and all records/documents associated with or related to Los Dahda and his property seized."  Los Dahda's Complaint for Injunctive Relief (Doc. 2838) at 2.  Mr. Dahda's request is too broad, however, because it is not limited to the motorcycle, the truck, and the cashier's checks that the DEA administratively forfeited.  Even so, for this property and as discussed above, DEA forfeiture counsel did not receive a timely response from Mr. Dahda to the letters asking for clarification of his prior submissions.  Absent a timely response to the DEA's letters, Mr. Dahda has not shown how discovery on other issues (such as the value of the property) is relevant to his limited ability to challenge the administrative forfeitures.  In addition, Mr. Dahda appears to acknowledge that the DEA gave government counsel the requested records, which the government attached to its Response to his Motion for Return of Property (Doc. 2770).  *See* Los Dahda's Complaint for Injunctive Relief (Doc. 2838) at 3.  Finally, Mr. Dahda has not shown that the requested records are relevant to his Petition for Hearing Pursuant to 21 U.S.C. § 853(n) (Doc. 2776).  The court thus denies Mr. Dahda's motion for discovery.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Los Dahda's Motion for Return of Property Pursuant to Federal Rules of Criminal Procedure 41(g), Seeking Judicial

Review Under 28 U.S.C. § 1331 and 5 U.S.C. § 702 (Doc. 2736) filed January 21, 2020, which the court construes in part as a request for relief under 18 U.S.C. § 983, is denied in part and dismissed in part.

**IT IS FURTHER ORDERED BY THE COURT THAT** Los Dahda's Complaint for Injunctive Relief (Doc. 2838) filed July 16, 2020, which the court construes as a motion for discovery, is denied

**IT IS SO ORDERED.**

**Dated this 4th day of September, 2020, at Kansas City, Kansas.**

                                        **s/ Daniel D. Crabtree**
                                        **Daniel D. Crabtree**
                                        **United States District Judge**