IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

       Plaintiff,

v.                           Case No. 2:12-CR-20083-DDC

LOS ROVELL DAHDA,

       Defendant.

MOTION To Vacate, Set Aside, Or Correct Sentence Pursuant To

28 U.S.C. § 2255.

COMES Now, Los Rovell Dahda, proceeding pro se requesting his sentence be set aside and or vacated for violations of the Sixth Amendment, the right to effective assistance of counsel.

I. CASE HISTORY

On July 23, 2014 a jury found Mr. Dahda guilty of 15 counts, not guilty of 7 counts of the Superseding Indictment (Doc. 462) including counts of conviction for conspiracy to manufature marijuana, to possess marijuana with intent to distribute, to distribute marijuana, and to maintain a drug-involved premises, a violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846 and 856(Count 1) maintaining a drug involved premises, a violation of 21 U.S.C. § 856 (Count 31), two counts of distributing marijuana, violations 21 U.S.C. § 841(a)(1), (b)(1)(D) (Counts 26. & 36.), six counts of using a communication facility to facilitate a drug trafficking offense, violations of 21 U.S.C. § 843(b) (Counts 38, 39, 41, 45, and 46), three counts of possession of marijuana

(1)

with intent to distribute, violations of 21 U.S.C. § 841(a)(1), (b)(1)(D) (Counts 43, 49, and 85 ), and two counts of attempted possession of marijuana with intent to distribute, violations of 21 U.S.C. § 841(a)(1), (b)(1)(D) ( Counts 73 and 88).

On September 30th, 2015, United States District Judge Kathryn H. Vratil sentenced Mr. Dahda to 189 months in prison and imposed a fine of $16,985,250. On April 4th, 2017, the Tenth Circuit affirmed Mr. Dahda's convictions and sentence of imprisonment, but reversed and remanded for the court to reconsider the amount of the fine. See United States v. Los Dahda, 853 F.3d 1101, 1118 (10th Cir. 2017, aff'd, 138 S. Ct. 1491 (2018).

On December 12th, 2019, the honorable Kathryn H. Vratil resentenced Mr. Dahda a controlling term of 135 months in prison as to Counts 1, and 31, three years of supervised release, with no fine, see Amended Judgment (Doc. 2711). On December 20th, 2019, Mr. Dahda appealed. See Notice Of Appeal (Doc. 2719). The mandate for his direct appeal Case No. 19-3283 was issued on April 13, 2021

Mr. Dahda raised the following issues on appeal: **(1)** the district court altered the legally prescribed punishment by waiving the 21 U.S.C. § 841(b)(1)(A) conviction and sentencing Los Dahda under 21 U.S.C. § 841(b)(1)(C) instead of 21 U.S.C. § 841 (b)(1)(D), thus causing an Alleyne error, **(2)** the district court violated both the Sixth Amendment & Alleyne when it enhanced Los Dahda's Sentencing Guidelines Range for a 21 U.S.C. § 841 conviction based on judicial drug quantity findings greater than what the jury found at trial, **(3)** the district court missapplied the United States Sentencing Guidelines by failing to utilize the 3 step process outlined in Amendment 790, which requires the court to make individual findings on the record concerning the scope of the criminal activity each particular defendant agreed to jointly undertake pursuant to § 1B1.3(a)(1)(B), **(4)** the district court erred in it's denial of Los & Roosevelt Dahda's Exception to the Mandate Rule, and **(5)** Los Dahda received Ineffective Assistance of Counsel in violation of the Sixth Amendment when his appellate

counsel; (1) abandoned the issue of drug quantity found by the judge & not the jury. (2) Failing to raise the sufficiency of evidence arguement for counts 1. & 31. that trial counsel specifically preserved on the record. (3) Failing to raise improper venue for counts 73. & 88. (4) Abandoning the Alleyne error issues against his clients expressed wishes & instructions to do otherwise.

### III.   LEGAL STANDARDS

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.   See 28 U.S.C. § 2255(a)

On August 13th, 2019 the Tenth Circuit issued the Black Order, addressing the applicable standard for Sixth Amendment claims in the Tenth Circuit, " a per se Sixth Amendment violation occurs when: (1) there is a protected attorney-client communication; (2) the government purposefully intruded into the attorney-client relationship; (3) the government becomes "privy to" the attorney-client communication because of its intrusion; and (4) the intrusion was not justified by any legitimate law enforcement interest. Once those elements are established, prejudice is presumed." See the Black Order, see also Shillinger v. Haworth, 70 F.3d 1132, 1142 (10th Cir. 1995).    With respect to the audio recordings, the Court determined that the following threshold showings must be made after review and verification by the FPD: (1) the telephone recordings exist; (2) a given call contains protected attorney-client communication, i.e., communication that relates to legal advice or strategy sought by the client; and (3)an affidavit from defense counsel confirming that the nature and purpose of the

call(s) were within the ambit of protected communication, including but not limited to defense preperation, plea negotiations, or review of discovery.

The proper standard for evaluating a claim of Ineffective Assistance of Counsel is that enunciated in Strickland v. Washington, 466 U.S. 688, 104 S. Ct. 2052 (1984).

The Tenth Circuit District Court has jurisdiction over this matter. See- United States v. Condit, 621 F.2d 1096, 1098 (10th Cir. 1980)(holding that for purposes of Section 2255, supervised release constitutes "custody"). "Custody" is not limited to physical confinement, it exists whenever conditions have been imposed "which significantly confine and restrain (the movant's ) freedom." Jones v. Cunningham, 371 U.S. 236, 243, 83 S. Ct. 373, 377 (1963).

IV. GROUNDS and ARGUMENT

Ground 1. Appellate Counsel abandoned his clients request to argue the issue of drug quantity. See Exhibits 4. through 11. Los Dahda received Ineffective Assistance of Appellate Counsel as is evident from the district court's Memorandum & Order (Doc. 2620) Page 6. n. 2., issuing an Exception to the Mandate. The district court recognized that "It appears that if appellate counsel for Los Dahda had raised the issue or joined the argument of Roosevelt Dahda on appeal, the Tenth Circuit would have reached the same result." at Id. That result was the vacating of Roosevelt's sentence and the recalculation of the drug quantity. Based on the foregoing, there is more than a "reasonable probability that, but for his counsel's unreasonable failure to "raise a particular non frivolous issue", he would have prevailed on his appeal." Quoting Cargle v. Mullin, 317 F.3d 1196, 1202-03 (10th Cir. 2003).

As is evident from the exhibits, Appellate Counsel abandoned his client and

(4)

clients specific requests to argue the issue of drug quantity. The Sixth Amendment requires a lawyer to act as an advocate for his client. See - United States v. Cronic, 466 U.S. 648, 656, 80 L. Ed. 2d 657, 104 S. Ct. 2039 (1984). Mr. Dahda went to trial and chose to fight, his appellate counsel threw in the towl before Mr. Dahda was ready to quit. See also (Doc. 2309) Pro Se Motion to Appoint New Counsel, & Miscellaneous Relief.

Ground 2.

Failure to raise Sufficiency of the Evidence Argument for Counts 1. & 31. This issue was clearly raised and preserved on the record. See Attachments A. & B. which are both found in (Doc. 2164) Pages 22-24, & 40-42, see also Exhibits 6, 7, 10. pages 2-3, 11, and 12.

Ground 3.

Failure to raise the issue of Sufficiency of the Evidence and Improper Venue for Counts 73. & 88. Trial counsel Richard Johnson clearly raised and preserved on the record the issues of sufficiency of the evidence and improper venue. See Attachment C. (Doc. 2164) pages 26. & 27, see also Exhibit 4, 6, 7, 8, 9, 10, 11, and 12. "To obtain a conviction for attempt, the government must show that the defendant "possessed the requisite criminal intent, as well as the commission of an act which constitutes a substantial step towards the commission of the substantive offense." See United States v. Foy, 641 F.3d 455, 467 (10th Cir. 2011)(quoting United States v. Ramirez, 348 F.3d 1175, 1180 (10th Cir. 2003). Mr. Dahda tried to raise these issues on his own and was thwarted by the man whose job it was to be his attorney. "An effective attorney ' must play the role of an active advocate, rather than a mere friend of the court." See Osborn v. Shillinger, 861 F.2d 612, 624 (10th Cir. 1998).

Mr. Dahda's trial counsel also preserved this issue by objecting to Count 73. in the initial PSR (Doc. 2049) page 106. ¶ 422.

Ground 4.

Appellate counsel failed to raise the <u>Alleyne</u> error issue even after instructed by his client. See Exhibit 4. It is clear from the record that trial counsel preserved this issue for the purpose of the appeal. See Attachment D. (Doc. 2274) Sentencing Transcript, held on September 30th, 2015. "Under Alleyne, and I'll spell it, A-L-L-E-Y-N-E," at Id. In objections to the PSR, trial counsel cites <u>Alleyne</u>, see (Doc. 2049) PSR page 105, ¶410. There can be no doubt that this issue was preserved for appeal. "Appellate counsel will be deemed ineffective only if he fails to assert a " dead-bang winner," ie, "an issue which was obvious from the trial record... and one which would have resulted in a reversal on appeal." See <u>United States v. Cook</u>, 45 F.3d 388, 394 (10th Cir. 1995), see also <u>Moore v. Gibson</u>, 195 F.3d 1152, 1180 (10th Cir. 1999).

Ground 5.

The government violated the Sixth Amendment by intentionally and unjustifiably intruding into Los Dahda's attorney-client relationship with trial counsel Richard W. Johnson. See Exhibit 13. See also Attachment E. (Doc. 2617) Transcript of Motion Hearing Held 5/15/2019. Pages 20 and 21.

**The Black Order:** <u>United States v. Carter</u>, 429 F. Supp. 3d 788 (D. Kan. Aug. 13 2019), Case No. 16-20032-JAR, (Doc. 758). Findings of Fact: "It was typical for the USAO to obtain audio recordings placed by CCA detainees in a wide variety of criminal cases. Prosecutors, including AUSAs Catania, <u>Morehead</u>, Hunt, Wamble, and Oakley testified that they obtained such recordings for a variety

of reasons:" At Id. Supp. 3d 847. A little down on the next page it explains why it is so hard to find proof of this misconduct. "As discussed throughout this opinion, it is difficult to trace whether the USAO has attorney-client calls in a particular case, absent written documentation.
The record is clear, however, that upon receiving recordings, prosecutors and their agents reviewed the calls." Id. Supp. 3d 848. No matter the governments stance, this is not an anomaly. For years, prosecutors in the Kansas City division had received, or knew others had received, attorney-client calls when they made a general request for all of a detainee's calls from CCA. The Supp. prosecutors' exposure to attorney-client calls was neither infrequent nor uncommon. At Id. Supp. 3d 854. This is exactly what Mr. Dahda was trying to relay to the court at the motion hearing presented in Attachment E.

## V.   Conclusion

Based on the evidence and facts presented, Mr. Dahda respectfully requests a evidentiary hearing pursuant to Rule 8(a) of the Rules Governing § 2255 proceedings. Or that his sentence be vacated, set aside, or corrected.


Respectfully Submitted,


### CERTIFICATE OF SERVICE

I certify by my undersigned signature that, prior to June 23, 2021, I mailed a true and correct copy of Los Dahda's § 2255 to Lyn Jaimez, to be emailed to the following addresses: Clerk of the Court * ksd_clerks_kansascity@ksd.uscourts.gov
AUSA Carrie N. Capwell * carrie.capwell@usdoj.gov
with all Exhibits and Attachments.
I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that all of the statements made in this Certificate of Service are true and correct to the best of my knowledge, and if called to testify as a witness, I could and would

(7)

competently testify to each fact set out herein the proceeding certificate of service.

x _____    6/17/2021
Los Dahda #10900-031
FCI Bastrop (low)
P.O. Box 1010
Bastrop, Texas 78602


P.S. Address will change July 20th 2021 to as yet unknown location in Portland, Oregon.

(8)