**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 12-20083-01-DDC |
| LOS ROVELL DAHDA (01), | |
| Defendant. | |

## MEMORANDUM AND ORDER

On December 12, 2019, after remand from the Tenth Circuit, the court sentenced Los

Dahda to 135 months in prison. This matter comes before the court on pro se[1] defendant Los

Dahda's Motion for Return of Property Pursuant to Fed. R. Crim. P. 41(g) (Doc. 2875), his

Status Report and Request for Protection Order (Doc. 2957), and amended Status Report and

Request for Protection Order (Doc. 2958). For reasons explained below, the court denies in part

and dismisses in part Mr. Dahda's motion for return of property and denies his requests for a

protection order.

## I.    Background

On December 12, 2019, District Judge Kathryn H. Vratil sentenced Mr. Dahda to a

controlling term of 135 months in prison and three years of supervised release. On

December 20, 2019, Mr. Dahda appealed. *See* Notice Of Appeal (Doc. 2719). On April 14,

2021, the Tenth Circuit affirmed. *See* Order and Judgment (Doc. 2928).

---

[1]     Because Mr. Dahda proceeds pro se, the court construes his filings liberally and holds them to a
less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106,
1110 (10th Cir. 1991). But the court does not assume the role of advocate for a pro se litigant. *Id.*

Invoking Rule 41(g) of the Federal Rules of Criminal Procedure, Mr. Dahda now seeks return of various items that the government seized while investigating this case.  Mr. Dahda also asks the court to enter an order of protection for his electronic equipment that is in the custody of law enforcement officers.

## II.      Legal Standard

"A person aggrieved by an unlawful search and seizure of property or by deprivation of property may move for the property's return."  Fed. R. Crim. P. 41(g).  Rule 41(g) is an equitable remedy available only where the movant can show "irreparable harm and an inadequate remedy at law."  *United States v. Copeman*, 458 F.3d 1070, 1071 (10th Cir. 2006) (quotation marks and citation omitted).  "The court must receive evidence on any factual issue necessary to decide the motion."  Fed. R. Crim. P. 41(g).  If the court grants the motion, it must order the property returned to the movant, but "may impose reasonable conditions to protect access to the property and its use in later proceedings."  *Id*.

If a defendant files a motion for return of property while a criminal prosecution is pending, he bears the burden to show that he is entitled to the property.  *United States v. Clymore*, 245 F.3d 1195, 1201 (10th Cir. 2001) (citing *United States v. Chambers*, 192 F.3d 374, 377 (3d Cir. 1999)) (under former Rule 41(e), now codified at Rule 41(g)).  After criminal proceedings have terminated, the burden shifts to the government to show a legitimate reason to retain the property.  *Id*.  While "[t]he government is clearly permitted to seize evidence for use in investigations and trial," it generally should return "seized property, other than contraband, . . . to its rightful owner once the criminal proceedings have terminated."  *United States v. Rodriguez-Aguirre*, 264 F.3d 1195, 1212 (10th Cir. 2001) (quotation marks and citation omitted).  Because Mr. Dahda's direct appeal has concluded, he is presumed to have the right to return of his

property, and the government must demonstrate that it has some legitimate reason to retain it.

*United States v. Soto-Diarte*, 370 F. App'x 886, 887 (10th Cir. 2010) (citation omitted).

### III.    Analysis

Mr. Dahda seeks return of receipts, pictures, cell phones, security cameras, computer and other electronic equipment, a wallet with cash, a Crown Royal bag with assorted jewelry, a toolset, a Royal Sovereign air conditioner, and an aluminum diamond plate auxiliary fuel tank with jumper cables and toolbox.  Motion for Return of Property (Doc. 2875) at 1.  Except for the fuel tank, the government has returned the remaining property in its possession that belongs to Mr. Dahda.[2]  *See* Notice of Return of Property (Doc. 2972).

Mr. Dahda seeks return of a "silver fuel tank" that was on his black Dodge truck.  Reply to Government's Response (Doc. 2943) at 3.  The government argues that Mr. Dahda is not entitled to return of the fuel tank because (1) he has not provided evidence that it belonged to him and (2) he and his co-defendants used modified fuel tanks to conceal money and drugs during commission of the drug trafficking offenses.  *See* Government's Response to Defendant's Motion for Return of Property (Doc. 2924) at 13–14.

A Rule 41(g) motion or an equitable civil motion for return of property used in drug offenses is confined by property rights defined in 21 U.S.C. § 881.  *Clymore*, 245 F.3d at 1201.

---

[2]      For certain items, the government reports that it does not possess the property or it has no evidence that law enforcement officers seized the property when they arrested Mr. Dahda.  *See* Government's Response to Defendant's Motion for Return of Property (Doc. 2924) at 11 (Apple hard drive and monitor); *id.* at 12 (auto dialer); *id.* at 15 (black Craftsman toolset); *id.* at 16 ($3,000 to $5,000 in cash in wallet).  In his reply, Mr. Dahda has not argued or presented evidence about the seizure of or his ownership interest in these items.  So, the court accepts the government's assertions as true.  The court therefore dismisses Mr. Dahda's request for these items for lack of jurisdiction.  *See Soto-Diarte*, 370 F. App'x at 888 (no jurisdiction under Rule 41(g) if government does not have property).  Similarly, the government reports that the Apple laptop computer and flip video recorder belong to a co-defendant, Nathan Wallace, not Mr. Dahda.  *See* Government's Response to Defendant's Motion for Return of Property (Doc. 2924) at 13.  On October 29, 2021, the government returned the Apple laptop computer and flip video recorder to Mr. Wallace.  Because the government no longer possesses these items, the court lacks jurisdiction over his request and thus dismisses defendant's request for them.  *See Soto-Diarte*, 370 F. App'x at 888.

Under Section 881, no property right shall exist in property which is used, or intended for use, as a container for controlled substances. 21 U.S.C. § 881(a)(3). "If the government shows that the character of the property has already been conclusively established as § 881(a) property in either a forfeiture action or a criminal proceeding, . . . only an innocent owner may qualify as one entitled to lawful possession of the property." *Clymore*, 245 F.3d at 1201.

Based on Mr. Dahda's updated description of the fuel tank, Reply to Government's Response (Doc. 2943) at 3, the government no longer disputes that he has established ownership of the fuel tank. Even so, based on the trial testimony, the government argues that the court should not require return of the fuel tank because Mr. Dahda used it to conceal money and drugs. Mr. Dahda argues that co-defendant Chad Bauman testified that he did not know if Mr. Dahda ever had used his truck to drive money from Kansas to California. *See id.* at 3. But Bauman's testimony on this issue is not dispositive. Numerous witnesses testified about various auxiliary fuel tanks in this case which conspirators had used to transport money from Kansas to California and bring back high grade marijuana to Kansas.[3] Indeed, Los Dahda had an auxiliary fuel tank on his truck for "the sole purpose to bring cash [from Kansas to California] and marijuana [from California to Kansas]." Trial Transcript Volume 24 (Doc. 2161) at 156–58. Mr. Dahda has

---

[3]     *See, e.g.*, Trial Transcript Volume 3 (Doc. 1536) at 118–19, 138–39, 143 (Detective Mike McAtee); Trial Testimony Volume 4 (Doc. 2141) at 26–27 (Detective McAtee); Trial Transcript Volume 9 (Doc. 2146) at 38–43 (Trooper Randy Riches); *id*. at 164–66 (Officer William Ryland); Trial Transcript Volume 10 (Doc. 2147) at 22–24, 49–50, 71–73 (Trooper Kurt Frazey); *id*. at 184–86, 195–96 (Sergeant Gordon Downing); Trial Transcript Volume 16 (Doc. 2153) at 246–50 (Adam Christiansen); Trial Transcript Volume 19 (Doc. 2156) at 113–16 (Stephen Rector); Trial Transcript Volume 21 (Doc. 2158) at 24–25, 39, 71, 79–80 (Peter Park); Trial Transcript Volume 24 (Doc. 2161) at 156–58 (Phillip Alarcon); *see also United States v. Roosevelt Dahda*, 852 F.3d 1282, 1288 (10th Cir. 2017) (Roosevelt Dahda "drove a truck with a hidden compartment, which was used by the group to transport drugs and cash"); *United States v. Los Rovell Dahda*, 853 F.3d 1101, 1106 (10th Cir. 2017) (Los Dahda was an "importer and a dealer" who "helped facilitate the transactions by driving money from Kansas to California for someone in the group to buy the marijuana"); *United States v. Pickel*, 863 F.3d 1240, 1246 (10th Cir. 2017) ("By the end of January 2012, law enforcement had information that the drug distribution network used modified auxiliary fuel tanks in their pickup truck beds to hide and transport drugs and cash. Physical surveillance revealed auxiliary tanks in the pickup trucks owned by [co-defendants] Los Dahda, Mr. Bauman, and Mr. Pickel."); *id*. at 1247 ("A search of Mr. Pickel's auxiliary fuel tank recovered approximately 37 pounds of marijuana.").

identified no testimony suggesting that he had a legitimate reason for the auxiliary fuel tank on his truck.  In sum, the trial testimony conclusively establishes that the concealed fuel tanks— including the one on Mr. Dahda's truck—were used as containers to transport currency and high grade marijuana.  As a container used for the transportation of a controlled substance, Mr. Dahda has no property right in the auxiliary fuel tank.  *See* 21 U.S.C. § 881(a)(3).  The court thus denies Mr. Dahda's motion as it applies to this fuel tank.

### IV.      Motions for Protective Order

Mr. Dahda asserts that when his brother, Roosevelt Dahda, recently received his cell phones and computers that the government had seized in 2012, he discovered that all the devices had been "corrupted . . . intentionally as all three no longer accept their passcodes."  Status Report and Request for Protection Order (Doc. 2958) at 2.  Mr. Dahda asks the court to enter an order against the Lawrence, Kansas Police Department to prevent similar corruption to his electronic devices.  As the government notes, nine years have passed since the government seized the electronic devices.  Mr. Dahda hasn't shown that the government intentionally caused damage to any devices.  In any event, on October 29, 2021, the government returned Mr. Dahda's electronic devices.  *See* Notice of Return of Property (Doc. 2972).  The court thus denies Mr. Dahda's request for a protection order against the Lawrence Police Department pending return of his electronic devices.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Los Dahda's Motion For Return Of Property Pursuant To Fed. R. Crim. P. 41(g) (Doc. 2875) filed November 30, 2020 is denied as it applies to Mr. Dahda's auxiliary fuel tank.  The court otherwise dismisses Mr. Dahda's motion because the government does not have possession of the property.

**IT IS FURTHER ORDERED BY THE COURT THAT** Los Dahda's Status Report and Request for Protection Order (Doc. 2957) filed August 20, 2021 and amended Status Report and Request for Protection Order (Doc. 2958) filed August 23, 2021 are denied.

**IT IS SO ORDERED.**

**Dated this 8th day of November, 2021, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**
