## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

      Plaintiff,

v.

      Case No. 12-20083-01-DDC

LOS ROVELL DAHDA (01),

      Defendant.

## <u>MEMORANDUM AND ORDER</u>

On December 12, 2019, after remand from the Tenth Circuit, the court sentenced Los

Dahda to 135 months in prison.  On January 8, 2021, the Tenth Circuit affirmed.  On January 7,

2022, the court denied defendant Los Dahda's Motion to Vacate, Set Aside, or Correct Sentence

under 28 U.S.C. § 2225.  *See* Memorandum and Order (Doc. 2980).  This matter is before the

court on Mr. Dahda's pro se[1] Motion for Relief From Order Denying Defendant's Petition for a

Habeas Corpus Pursuant To Federal Rule of Civil Procedure 60(b) (Doc. 3045).  The court can

resolve Mr. Dahda's motion on the present record, so no response from the government is

required.  For reasons explained below, the court construes Mr. Dahda's Rule 60(b) motion as a

second or successive motion under 28 U.S.C. § 2225 and dismisses it.[2]

---

[1]      Because Mr. Dahda proceeds pro se, the court construes his filings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  But the court does not assume the role of advocate for a pro se litigant.  *Id.*

[2]      Some six months after the court ruled on Mr. Dahda's Section 2255 motion, the court transferred jurisdiction on supervised release to the Western District of Washington under 18 U.S.C. § 3605.  *See* Transfer of Jurisdiction (Doc. 3007).  Even so, courts generally find that when a prisoner on supervised release is transferred to another district and then files a motion that attacks the original sentence under Section 2255, the original sentencing court is the proper forum to hear the motion.  *Napoles v. United States*, 536 F.2d 722, 724 (7th Cir. 1976); *see also United States v. Caicedo*, 341 F. App'x 403, 403–04 (10th Cir. 2009) (denying certificate of appealability of sentencing court's ruling that defendant's Section 2255 claims challenging sentencing court's actions before transfer of case under 18 U.S.C. § 3605

In his Section 2255 motion, Mr. Dahda argued that the court should vacate his sentence because (1) appellate counsel provided ineffective assistance and (2) the government violated his right to counsel under the Sixth Amendment when it recorded and listened to his telephone conversations with counsel from Corrections Corporation of America in Leavenworth, Kansas. The court denied Mr. Dahda's motion on both claims.

In his Rule 60(b) motion filed nearly one year after the court ruled on his Section 2255 motion, Mr. Dahda argues that the court erred in denying his Sixth Amendment claim without holding an evidentiary hearing.  Doc. 3045 at 7.  Specifically, Mr. Dahda asserts that he presented the affidavit of his former counsel which was sufficient to warrant a hearing on his claim.  *Id.* at 6.

Even though Mr. Dahda has titled his motion as one under Rule 60(b), the court first considers whether his motion is a true Rule 60(b) motion or, instead, if the court should construe the filing as a second or successive motion under 28 U.S.C. § 2255.  *See United States v. Nelson*, 465 F.3d 1145, 1149 (10th Cir. 2006) ("It is the relief sought, not [the] pleading's title, that determines whether the pleading" is in fact a Section 2255 motion).  A "true" Rule 60(b) motion "either (1) challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application, or (2) challenges a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition."  *Spitznas v. Boone*, 464 F.3d 1213,

---

were untimely); *United States v. Cottom*, No. 6:15-CR-06054 EAW, 2021 WL 3046643, at *3 (W.D.N.Y. July 20, 2021) ("plain language of § 2255 requires challenges such as the ones at issue here to be brought in the sentencing court, irrespective of any transfer of jurisdiction over a defendant's supervised release"). The court adopts this prevailing view and finds that even after a transfer under 18 U.S.C. § 3605, the sentencing court should decide a challenge under Section 2255 to a defendant's original conviction.  This court, as the sentencing court, likewise retains authority to rule on Mr. Dahda's Motion to Reconsider this court's ruling on his Section 2255 motion.

1216 (10th Cir. 2006) (citations omitted).  On the other hand, the court must construe a

Rule 60(b) motion as a second or successive petition under Section 2255 "if it in substance or

effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction."

*Id.* at 1215.

Mr. Dahda challenges the court's ruling not to hold an evidentiary hearing on his

Section 2255 motion.  "While the decision whether or not to hold an evidentiary hearing may be

classified as a procedural ruling, the district court's decision not to hold an evidentiary hearing

did not preclude a merits determination on [defendant's] § 2255 motion; it was the *result* of a

merits determination."  *In re Lindsey*, 582 F.3d 1173, 1175 (10th Cir. 2009) (emphasis in

original); *see United States v. Handy*, 793 F. App'x 768, 770 (10th Cir. 2019) ("claim that the

district court failed to hold an evidentiary hearing on [defendant's] allegations . . . is nothing

more than a disguised attack on the merits of the district court's denial of his § 2255 motion").

Because Mr. Dahda's Rule 60(b) motion is a merits-based attack on the court's disposition of his

Section 2255 motion, the court must treat his motion as a successive motion under Section 2255.

A district court does not have jurisdiction to address the merits of a second or successive

Section 2255 motion unless and until the Circuit has authorized it.  *In re Cline*, 531 F.3d 1249,

1251 (10th Cir. 2008) (per curiam).  But, a district court may transfer an unauthorized action to

the Circuit "if it is in the interest of justice" to do so.  *Id*. (quoting 28 U.S.C. § 1631) (emphasis

omitted).  To determine whether to transfer a successive motion to the Circuit, the court

considers "whether the claims would be time barred if filed anew in the proper forum, whether

the claims alleged are likely to have merit, and whether the claims were filed in good faith or if,

on the other hand, it was clear at the time of filing that the court lacked the requisite

jurisdiction."  *Id.*  The Tenth Circuit grants approval to file second or successive motions only if

the motion contains either "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  28 U.S.C. § 2255(h).  Mr. Dahda has not shown that his challenge to the court's prior ruling on his Sixth Amendment claim potentially could satisfy the standard for a second or successive Section 2255 motion.  The court therefore dismisses Mr. Dahda's motion.[3]

**IT IS THEREFORE ORDERED BY THE COURT THAT** Los Dahda's pro se Motion for Relief From Order Denying Defendant's Petition for a Habeas Corpus Pursuant To Federal Rule of Civil Procedure 60(b) (Doc. 3045), which the court construes as a second or successive motion under 28 U.S.C. § 2255, is dismissed.

**IT IS SO ORDERED.**

**Dated this 27th day of January, 2023, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**

---

[3]  Even if the court could construe Mr. Dahda's motion as a true Rule 60(b) motion, the court would deny it as untimely.  Because Mr. Dahda asserts a judicial mistake in the order denying his Section 2255 motion, he had to file a motion on those grounds by the deadline for filing a notice of appeal.  *See Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 578–79 (10th Cir. 1996) (Rule 60(b)(1) motion based on judicial mistake must be filed by the deadline for filing a notice of appeal); *United States v. McIntosh*, No. 11-20085-01-KHV, 2018 WL 6830225, at \*4 (D. Kan. Dec. 28, 2018) (Rule 60(b)(6) cannot be used as a substitute for raising arguments on direct appeal).  Rule 60(b) does not provide Mr. Dahda a second chance to challenge the ruling on his Section 2255 motion after his "voluntary, deliberate, free, [and] untrammeled choice" not to appeal the court's ruling.  *Ackermann v. United States*, 340 U.S. 193, 200 (1950); *see Cummings v. Gen. Motors Corp.*, 365 F.3d 944, 955 (10th Cir. 2004) (relief under Rule 60(b) "not a substitute for an appeal"); *see also Cashner*, 98 F.3d at 580 (broad power under subsection (6) not for purpose of relieving party from free, calculated and deliberate choices; "party remains under a duty to take legal steps to protect his own interests") (quotation marks and citation omitted).